[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
11/18/99
THOMAS  K. KAHN
CLERK

_____

No. 97-5656

_____

D. C. Docket No. 93-00483-CR-CCA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ALBERTO PELAEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 18, 1999)**

Before BLACK, HULL and MARCUS, Circuit Judges.

BLACK, Circuit Judge:

Appellant Jesus Alberto Pelaez appeals the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to modify his sentence. The sole issue on appeal is whether the district court should have reduced his sentence by applying the "safety valve" provision of 18 U.S.C. § 3553(f). We hold the district court was correct in determining as a matter of law that § 3553(f) cannot be applied to Appellant's sentence because the final judgment of the district court was entered before the effective date of the provision.

## I. BACKGROUND

On March 3, 1994, Appellant was convicted by a jury of possession of cocaine with intent to distribute and conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Using the applicable Sentencing Guidelines, the district court sentenced Appellant on June 30, 1994. This Court affirmed Appellant's conviction and sentence in its entirety on April 12, 1996. *See United States v. Pelaez*, No. 94-4766 (11th Cir. Apr. 12, 1996), 83 F.3d 435 (table).

On September 23, 1994, in the period between the district court's sentencing and the determination of Appellant's direct appeal, a "safety valve" sentencing provision for federal drug offenses took effect. This provision, 18 U.S.C. § 3553(f), permits a district court to sentence below the otherwise applicable statutory mandatory

2

minimum sentence for certain drug offenses if five criteria are established.[1]  If the

provision is applicable to his case and he were found to meet the criteria, Appellant

would qualify for a two-level reduction in his sentence.  *See* U.S.S.G. §§ 5C1.2 &

2D1.1(b)(6).

Although § 3553(f) took effect during the pendency of his direct appeal,

Appellant did not assert during that appeal a claim that the provision could be applied

to his sentence.  Instead, Appellant raised the issue on June 26, 1997, in a motion for

---

[1] In full, the safety valve provides that:

 (f) Limitation on applicability of statutory minimums in certain cases.— Notwithstanding any other provision of law, in the case of an offense under [21 U.S.C. §§ 841, 844, 846, 960, or 963], the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—

 (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

 (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

 (3) the offense did not result in death or serious bodily injury to any person;

 (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

 (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

a modification of his sentence under 18 U.S.C. § 3582(c)(2).[2]  On September 22,

1997, the district court denied Appellant's motion.

## II.  DISCUSSION

In denying Appellant's § 3582(c)(2) motion, the district court held Appellant

was not eligible for the § 3553(f) safety valve because the provision does not apply

to his sentence as a matter of law.  We review de novo the district court's legal

conclusions regarding the scope of its authority under the Sentencing Guidelines.  *See*

*United States v. Bush*, 126 F.3d 1298, 1299 (11th Cir. 1997).

The safety valve's enacting statute provides that § 3553(f) "shall apply to all

sentences imposed on or after" September 23, 1994.  Violent Crime Control and Law

Enforcement Act of 1994, Pub. L. No. 103-322, § 80001(c), 108 Stat. 1796, 1985-86.

Appellant agrees § 3553(f) cannot be applied retroactively to sentences imposed

before September 23, 1994.[3]  On appeal, Appellant maintains he is not asking for a

---

[2] Section 3582(c)(2) provides in pertinent part that a previously imposed sentence may be modified at a later date "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

[3] Amendments to the Sentencing Guidelines reducing the sentencing range for an offense may not be applied to defendants already sentenced unless a retroactive application of the reduction is "consistent with applicable policy statements" from the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Under U.S.S.G. § 1B1.10(a), only amendments listed in § 1B1.10(c) may be applied retroactively using a § 3582(c)(2) motion.  The Guidelines amendment incorporating the safety valve provision of § 3553(f) is not listed in § 1B1.10(c).  Therefore, the retroactive application of the safety valve using a § 3583(c)(2) motion is precluded as inconsistent with the policy statements

4

retroactive application of § 3553(f) because he argues a sentence is not imposed until the sentence is affirmed by the Court of Appeals on direct appeal.[4]

For purposes of whether a sentence was "imposed" on or after the effective date of § 3553(f), we hold a sentence is imposed when the district court enters the final judgment. Most importantly, the statute under which Appellant filed his motion, 18 U.S.C. § 3582, provides a strong indication that sentences are imposed only in the trial court. It states the following: "*Notwithstanding* the fact that a sentence to imprisonment can subsequently be" modified by a § 3582(c) motion or corrected by the trial court under Federal Rule of Criminal Procedure 35 or on appeal by the Court of Appeals, "a judgment of conviction that includes such a sentence constitutes *a final judgment for all other purposes*." 18 U.S.C. § 3582(b) (emphasis added). The applicability of § 3553(f) thus is a purpose for which the judgment of conviction and sentence issued by the trial court is final—that is, because the sentence is final upon entry of judgment, the necessary interpretation is that the sentence is imposed, even

of the Commission.

[4] In making the argument that a sentence is not imposed for purposes of § 3553(f) until it is affirmed on direct appeal, Appellant relies principally upon *United States v. Clark*, 110 F.3d 15 (6th Cir. 1997), which held that when § 3553(f) took effect, it applied not only to defendants not yet sentenced by the district court, but also to defendants whose direct appeals of their sentences were still pending. *See id.* at 17-18. We do not agree with and decline to follow the Sixth Circuit's holding in *Clark*.

5

for purposes of § 3553(f), not when the sentence subsequently is affirmed on appeal but when the judgment initially is entered in the trial court.

Similarly, the other provisions of § 3553, to which subsection (f) was added in 1994, discuss the imposition of sentences as an activity of the trial court.[5]  Likewise, the common sense meaning of the word is that a sentence is "imposed" by the trial court.[6]  Judgments of conviction and sentence issue from trial courts.  Appellate courts review and sometimes vacate these judgments, but they do not impose them.

Finally, Appellant's suggested interpretation would undermine the administrative policies underlying the sentencing system, particularly the presumption that most amendments to the Guidelines are not given retroactive effect.  A rule

---

[5] *See, e.g.*, 18 U.S.C. § 3553(a)(1)-(7) ("The court in determining the particular sentence to be imposed, shall consider," *inter alia*, the character of the offense and offender, the possible sentences available, the need for incapacitation or rehabilitation, and the applicable Sentencing Guidelines and policy statements); *id*. § 3553(b) ("The court shall impose a sentence" within the Guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken in to consideration" by the Guidelines).

[6] For example, cases interpreting the authority of district courts to modify sentences pursuant to Federal Rule of Criminal Procedure 35(c) demonstrate that sentences are imposed by trial courts. Rule 35(c) provides that a trial court "acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."  In *United States v. Yost*, 185 F.3d 1178 (11th Cir. 1999), this Court held that, upon discovery of a clear error, the authority to correct the sentence extended not only to the clear error but also to any other errors, clear or otherwise, in the original sentence.  We noted (without reaching the issue) a Circuit split over whether the seven-day clock begins to run from the oral pronouncement of sentence or the entry of the written judgment in the event of a conflict between the two.  *See id*. at 1180 n.3 (citing, e.g., *United States v. Morillo*, 8 F.3d 864, 869 n.8 (1st Cir.1993) ("'it is likely' . . . sentence is imposed on 'the date judgment enters, rather than the date sentence is orally pronounced'" if the two sentences differ)).  Under either view, however, the sentence is "imposed" no later than the trial court's entry of judgment, not when the Court of Appeals affirms the sentence.

permitting defendants to take advantage of amendments adopted during the appeal but after the judgment is entered would undermine the finality of judgments and the integrity of the appellate process. It would "provide offenders with a strong incentive to delay appeals, or to take unnecessary appeals, simply in the hope that some suggested change eventually finds embodiment in an amendment that takes effect before the appeal's termination." *United States v. Havener*, 905 F.2d 3, 7-8 (1st Cir. 1990). Appellant's interpretation of when a sentence is imposed seeks to justify for § 3553(f) a rule rightly rejected for other non-retroactive Guidelines amendments.

## III. CONCLUSION

For purposes of whether a sentence was "imposed" on or after the effective date of § 3553(f), we hold a sentence is imposed when the district court enters the final judgment. The judgment was entered in Appellant's case on June 30, 1994, before the effective date of § 3553(f) on September 23, 1994. The district court therefore correctly denied Appellant's § 3582(c)(2) motion for modification of his sentence.

AFFIRMED.