[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10510
Non-Argument Calendar

_____

D. C. Docket No. 92-06138-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELVIN IRIZZARY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 4, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Elvin Irizzary appeals the district court's denial of his motion for

modification of his sentence, pursuant to 18 U.S.C. § 3582(c)(2). Irizzary argues

that the district court erred in denying his motion to modify his sentence because Amendments 598 and 599, which altered the language of Application Notes 1 and 2 to U.S.S.G. § 2K2.4, are retroactive and show that he was double-punished for the discharge of a firearm while committing a robbery and kidnapping.

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for an abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998). We review de novo a double-counting claim. United States v. Matos-Rodriguez, 188 F.3d 1300, 1310 (11th Cir. 1999).

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when the defendant's sentence was based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Before granting a sentence modification, however, a district court must consider the factors set forth in § 3553(a) to the extent that they are applicable, and evaluate whether such a reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, the law permits, but does not require, a district court to resentence a defendant under § 3582(c)(2). United States v. Brown, 104 F.3d 1254, 1255 (11th Cir. 1997). Moreover, only amendments listed in § 1B1.10(c) may be applied

retroactively through a 3582(c)(2) motion. United States v. Pelaez, 196 F.3d 1203, 1205 n.3 (11th Cir. 1999).

Amendment 598 is not listed in § 1B1.10(c). See U.S.S.G. § 1B1.10(c). It thus may not be applied retroactively. Therefore, the district court correctly refused to apply Amendement 598 to Irizzary.

Amendment 599 may be applied retroactively. U.S.S.G. § 1B1.10(c) (Nov. 2000). Amendment 599 affects the commentary to U.S.S.G. § 2K2.4 and provides that if a sentence under this guideline (i.e., a 60-month mandatory sentence as required by 18 U.S.C § 924(c) for use of a firearm) is imposed in conjunction with a sentence for an underlying offense, the sentencing court may not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. See U.S.S.G. App. C, amend. 599 (Nov. 2000). Amendment 599 further provides that a sentence under § 2K2.4 accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable as relevant conduct. Id.

At the time Irizzary was sentenced in 1992, Amendment 489 had just changed application note 2 to § 2K2.4 to the version that appeared in the

sentencing guidelines prior to Amendment 599.  See U.S.S.G. App. C, amend. 489 (Nov. 1993).  Amendment 489 eliminated the subtraction formula from the previous version of the guidelines, and allowed the district court to upwardly depart to the maximum of the guideline range that would have resulted had there been no conviction under § 924(c).  U.S.S.G. § 2K2.4, comment. (n.2).

In 1993, Application Note 2 provided as follows:

Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (e.g., § 2B3.1(b)(2)(A)-(F) (Robbery)) is not to be applied in respect to the guideline for the underlying offense.

In a few cases, the offense level for the underlying offense determined under the preceding paragraph may result in a guideline range that, when combined with the mandatory consecutive sentence under 18 U.S.C. § 844(h), § 924(c), or § 929(a), produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a) (i.e., the guideline range that would have resulted if the enhancement for possession, use, or discharge of a firearm had been applied).  In such a case, an upward departure may be warranted so that the conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a) does not result in a decrease in total punishment.  An upward departure under this paragraph shall not exceed the maximum guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c), or § 929(a).

U.S.S.G. § 2K2.4, comment. (n.2) (Nov. 1993).  In 2000, Application Note 2 stated:

If a sentence under this guideline is imposed in conjunction with a

4

sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis of the 18 U.S.C. § 924(c) conviction.

[. . .]

In a few cases, the offense level for the underlying offense determined under the preceding paragraphs may result in a guideline range that, when combined with the mandatory consecutive sentence under 18 U.S.C. § 844(h), § 924(c) or § 929(a), produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a) (i.e., the guideline range that would have resulted if the enhancements for possession, use, or discharge of a firearm had been applied). In such a case, an upward departure may be warranted so that the conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a) does not result in a decrease in the total punishment. An upward departure under this paragraph shall not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 844(h), § 924(c) or § 929(a).

U.S.S.G. § 2K2.4, comment. (n.2) (Nov. 2000). In 2002, Amendment 642

redesignated Application Note 2 as Application Note 4. U.S.S.G. App. C, amend.

642 (Nov. 2002).

The purpose of Amendment 599 is merely "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." U.S.S.G. App. C, amend. 599 (Nov. 2000), "Reason for Amendment." Irizzary did not receive a weapons enhancement to his offense level; rather, the district court departed upward as suggested in application note 2. The final paragraph of application note 2 was not changed by Amendment 599. Thus, after Amendment 599, district courts are still permitted to depart upward to the maximum guideline range that would have resulted had there been no conviction under 18 U.S.C. § 924(c). U.S.S.G. § 2K2.4, comment. (n.2) (Nov. 2000). Because Irizzary received an upward departure, and not a weapons enhancement, Amendment 599 does not apply to his sentence.

Irizzary's sentence was enhanced pursuant to an upward departure based on Amendment 489. Amendment 599 does not affect these changes to the guidelines made by Amendment 489. Thus, Amendment 599 does not apply to Irizzary. The district court did not err in refusing to apply this Amendment.

The judgment of the district court is

6

**AFFIRMED.**[1]

---

[1] Irizzary's other arguments on appeal are rejected without need for further discussion. Irizzary's request for oral argument is denied.