[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 4, 2008
THOMAS K. KAHN
CLERK

No. 08-11234
Non-Argument Calendar

_____

D. C. Docket No. 97-00036-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALI JUMA,
a.k.a. Ali Abanji,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 4, 2008)**

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ali Juma, proceeding pro se, appeals the district court's denial of his motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Juma argues that Amendments 591 and 599 to the Sentencing Guidelines altered his guideline imprisonment range. For the reasons set forth below, we affirm.

## I.

A federal jury convicted Juma of two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) ("Counts 1 and 3"), and two counts of possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) ("Counts 2 and 4"). Before Juma's sentencing, a probation officer prepared a presentence investigation report ("PSI"), using the Guidelines manual for 1997. For each of Counts 1 and 3, the probation officer (1) set Juma's base offense level at 20, pursuant to U.S.S.G. § 2B3.1; (2) applied the applicable enhancements from this section, but declined to apply the ordinary six- or seven-level enhancements for using a firearm in the course of a robbery, pursuant to § 2B3.1(b)(2)(A) and (B), because Juma was convicted of substantive offenses for this conduct; (3) set Juma's combined offense level for these offenses at 27, pursuant to U.S.S.G. § 3D1.4; and (4) set Juma's criminal history category at II. Per these calculations, Juma's guideline imprisonment range for Counts 1 and 3 was 78 to 97 months each. For each of Counts 2 and 4, the probation officer

2

determined that Juma's guideline term of imprisonment was that required by statute, pursuant to U.S.S.G. § 2K2.4(a). For Count 2, the statutory term was five years' consecutive imprisonment, pursuant to § 924(c). For Count 4, the statutory term was 20 years' consecutive imprisonment, pursuant to § 924(c), as it was Juma's second conviction for this offense. At Juma's sentencing, on July 30, 1998, he made no objections or statements. The district court sentenced Juma to two terms of 97 months' imprisonment as to Counts 1 and 3, to run concurrently with each other; 60 months' imprisonment as to Count 2, to run consecutively to all other terms; and 240 months' imprisonment as to Count 4, to run consecutively to all other terms. Thus, Juma's total term of imprisonment was 397 months.

Juma filed a pro se motion for modification of sentence, pursuant to § 3582(c)(2), on December 19, 2007. Juma argued that, pursuant to Amendments 591 and 599, his use of firearms during the offenses should have resulted only in enhancements to the base offense levels for his robbery convictions, pursuant to § 2B3.1, rather than the penalties prescribed by statute, pursuant to § 924(c). Juma asserted that Amendment 591 instructed the district court to use § 2113(a) exclusively to sentence robbery convicts. Juma also asserted that Amendment 599 instructed the district court not to impose duplicative sentences, or to enhance a convict's sentence based on conduct already incorporated in the base offense level

3

for his crime. Juma finally asserted that the district court's sentence was not "reasonable" because it was greater than necessary. A magistrate judge recommended denying Juma's motion, on the grounds that Amendment 591 was inapplicable and that the district court did not violate Amendment 599 or impose a duplicative sentence because it specifically declined to enhance Juma's robbery sentences based on his use of firearms. The district court adopted the magistrate's recommendation over Juma's objections and denied Juma's motion.

## II.

We review a district court's refusal to reduce a sentence, pursuant to § 3582(c)(2), for an abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998). Under § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the defendant's sentence was determined using a guideline imprisonment range that subsequent retroactive amendments to the Guidelines have reduced and if the district court has considered the applicable factors set forth in § 3553(a) and has determined that a reduction would be consistent with the policy statements issued by the Sentencing Commission.[1] 18 U.S.C. § 3582(c); United States v. Bravo, 203 F.3d 778, 780-81

---

[1] We note that the parties do not dispute that Amendments 591 and 599 are retroactive. Indeed, the amendments listed in U.S.S.G. § 1B1.10(c) may be applied retroactively through a § 3582(c)(2) motion, and Amendments 591 and 599 are listed in § 1B1.10(c). See United States v. Pelaez, 196 F.3d 1203, 1205 n.3 (11th Cir. 1999); U.S.S.G. 1B1.10(c).

(11th Cir. 2000). One of these considerations is that the resulting sentence must be sufficient, but not greater than necessary, to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

Amendment 591 altered U.S.S.G. § 1B1.1(a) to instruct the district court to "[d]etermine, pursuant to 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction" and altered U.S.S.G. § 1B1.2(a) to instruct the sentencing court to "[r]efer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction." U.S.S.G. App. C, Amend. 591. "Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction. . . ." United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). The amendment was designed, in part, to rectify confusion among circuits as to whether the sentencing court should apply the guideline section referenced in the Statutory Index for the statute of conviction or select the guideline section based on the defendant's actual conduct, even if uncharged. U.S.S.G. App. C, Amend. 591, Reason for Amendment.

Amendment 599 altered the commentary to § 2K2.4 to clarify that, when a defendant is being sentenced for both a § 924(c) violation under the guideline, and

5

for the offense underlying the § 924(c) violation, the sentencing court is precluded from applying a weapons enhancement under the guideline for the underlying offense. U.S.S.G. App. C, Amend. 599. The amendment explained that a sentence under § 2K2.4 already accounts for the firearm-possession portion of the conduct that comprised the underlying offense. See id.

Pursuant to the Statutory Index in the Guidelines manual for 1997, one of the appropriate guideline sections for offenses under §§ 2113(a) and (d) was § 2B3.1. See U.S.S.G. App. A, Statutory Index (1997). Section 2B3.1 provided for a base offense level of 20 and 6- or 7-level enhancements for, respectively, discharging or otherwise using a firearm during the commission of the robbery. U.S.S.G. § 2B3.1(a), (b)(2)(A) and (B) (1997). Pursuant to the Statutory Index, the appropriate guideline section for offenses under § 924(c) was § 2K2.4. See U.S.S.G. App. A, Statutory Index (1997). Section 2K2.4 provided that, "[i]f the defendant, whether or not convicted of another crime, was convicted under [18 U.S.C. § 924(c)], the term of imprisonment is that required by statute." U.S.S.G. § 2K2.4(a) (1997). Pursuant to the version of § 924(c) in effect at Juma's sentencing, in addition to the punishment provided for the underlying crime of violence, a person convicted for the first time of possessing a firearm in the course of a crime of violence should be sentenced to a minimum of 5 years'

imprisonment, and a person convicted for the second time of possessing a firearm in the course of a crime of violence should be sentenced to a minimum of 20 years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(C)(i) (1996). The commentary to § 2K2.4 also provided that, "[w]here a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of an explosive or firearm (e.g., § 2B3.1(b)(2)(A)-(f) (Robbery)) is not to be applied in respect to the guideline for the underlying offense." U.S.S.G. § 2K2.4, comment. (n.2)(1997).

## III.

The district court did not abuse its discretion in denying Juma's motion for modification of sentence. See Vautier, 144 F.3d at 759 n.3. Amendments 591 and 599 did not lower, or otherwise alter the method of calculating, Juma's guideline imprisonment range. See 18 U.S.C. § 3582(c)(2). Taken together, the amendments instruct the sentencing court to (1) determine the appropriate Chapter Two offense guideline section by looking up the statute of conviction in the Guidelines' Statutory Index; and (2) in the case of a defendant convicted of offenses under both § 2113(a) and § 924(c), remove any firearm-possession enhancement added to the former offense's base offense level. See U.S.S.G. App. C, Amends. 591, 599. The record reveals that the probation officer and district

7

court did just that. Specifically, the district court appropriately applied § 2B3.1 to Juma's §§ 2113(a) and (d) robbery convictions and § 2K2.4(a) to his § 924(c) firearm possession convictions. See U.S.S.G. App. A, Statutory Index (1997); U.S.S.G. App. C, Amend. 591. Also, the district court declined to add firearm enhancements to Juma's robbery base offense levels in light of his § 924(c) convictions. See U.S.S.G. §§ 2B3.1(b)(2)(A), (B), 2K2.4, comment. (n.2) (1997); U.S.S.G. App. C, Amend. 599.

Contrary to Juma's assertions, Amendments 591 and 599 did not instruct district courts to impose one sentence, albeit modified, when a defendant used a firearm during a robbery, but rather contemplated a defendant's conviction and sentencing under both § 2113(a) and § 924(c). See U.S.S.G. App. C, Amends. 591, 599. Further, the amendments did not alter § 2K2.4(a)'s instruction that the guideline sentence for the § 924(c) conviction was that set by statute. See id.; U.S.S.G. § 2K2.4(a) (1997). Also, because the district court did not, therefore, err in sentencing Juma by imposing consecutive sentences for his § 924(c) convictions, it did not impose a sentence that was greater than necessary in the manner alleged by Juma. Accordingly, because application of Amendments 591 and 599 would not alter Juma's guideline imprisonment range, they offer him no basis for relief, and we affirm. See U.S.S.G. App. C, Amends. 591, 599; 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**