[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 26, 2008
THOMAS K. KAHN
CLERK

No. 08-11735
Non-Argument Calendar

_____

D. C. Docket No. 99-06018-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY DEWITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 26, 2008)**

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Michael Anthony Dewitt appeals, pro se, the district court's denial of his motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Dewitt argues that Amendments 706 and 715, both retroactively applicable, alter his guideline imprisonment range. The government concedes that the district court erred and that Amendments 706 and 715 reduce Dewitt's guideline imprisonment range. For the reasons set forth below, we remand.

## I.

Dewitt was indicted in Case No. 98-6097 for, inter alia, possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Dewitt was indicted in Case No. 99-6018 for possession with intent to distribute cocaine, in violation of § 841(a)(1). On Dewitt's unopposed motion, the district court consolidated Case No. 98-6097 and Case No. 99-6018 for the purposes of pleading and sentencing.

Dewitt was responsible for 119.4 grams of crack cocaine in relation to Case No. 98-6097 and 141.3 grams of cocaine and 4.4 grams of crack cocaine in relation to Case No. 99-6018. At sentencing, the district court grouped Dewitt's offenses, pursuant to U.S.S.G. § 3D1.2(d), and converted to their marijuana equivalents and added together the drug quantities involved, pursuant to U.S.S.G. § 2D1.1, comment. (n. 6). Accordingly, the district court held Dewitt accountable for 2,504

2

kilograms of marijuana. Based on this calculation, the district court set Dewitt's base offense level at 32, pursuant to U.S.S.G. § 2D1.1. Based on the application of enhancements and reductions not at issue here, the district court set Dewitt's total offense level at 35. The district court set Dewitt's criminal history category at I and determined that his guideline imprisonment range was 168 to 210 months. Ultimately, the district court sentenced Dewitt to 180 months' imprisonment as to Case No. 98-6097 and 180 months' imprisonment as to Case No. 99-6018, with these terms to be served concurrently.

On March 11, 2008, Dewitt filed a motion to reduce sentence, pursuant to § 3582(c)(2). Dewitt argued that the guideline imprisonment range for his crack-cocaine offense subsequently had been lowered by Amendment 706 to the Sentencing Guidelines. On March 28, 2008, the district court denied Dewitt's § 3582(c)(2) motion. The district court reasoned that Dewitt's motion was moot because, "[w]hile [Dewitt] may be entitled to a reduction in sentence for the crack cocaine offense, because that sentence was set to run concurrently with the cocaine sentence, which [was] of equal length, a reduction of the crack cocaine sentence would not reduce [Dewitt's] term of imprisonment." Dewitt filed a motion for reconsideration, which the district court denied.

**II.**

3

We review a district court's refusal to reduce a sentence, pursuant to § 3582(c)(2), for an abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998). Under § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the defendant's sentence was determined using a guideline imprisonment range that subsequent retroactive amendments to the Guidelines have reduced and if the district court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and has determined that a reduction would be consistent with the policy statements issued by the Sentencing Commission.[1] 18 U.S.C. § 3582(c); United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000). We have held that, when confronted with a § 3582(c)(2) motion, the district court must apply the following two-step analysis:

> First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact. Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

Vautier, 144 F.3d at 760 (citations omitted).

---

[1] The parties do not dispute that Amendments 706 and 715 are retroactive. Indeed, those amendments listed in U.S.S.G. § 1B1.10(c) may be applied retroactively through a § 3582(c)(2) motion, and Amendments 706 and 715 are listed in § 1B1.10(c). See United States v. Pelaez, 196 F.3d 1203, 1205 n.3 (11th Cir. 1999); U.S.S.G. 1B1.10(c).

4

By way of Amendment 706, the Commission amended the U.S.S.G. § 2D1.1(c) drug quantity table to reduce crack-cocaine offense levels by two. U.S.S.G. App. C, Amend. 706.

By way of Amendment 711, which was in effect when the district court considered Dewitt's motion, the Commission instructed district courts to calculate the offense levels for offenses involving both crack cocaine and another drug by (1) determining the base offense level for the amount of crack cocaine involved; (2) applying that base offense level to a "Marijuana equivalency" table to determine an equivalent amount of marijuana; (3) determine the marijuana equivalency for the other drug amount involved using the traditional conversion method; and (4) add together all of the marijuana amounts calculated and determine the base offense level for this total amount of marijuana. U.S.S.G. App. C, Amend. 711.

By way of Amendment 715, which came into effect on May 1, 2008, the Commission undid Amendment 711 and instructed district courts to calculate the offense levels for offenses involving both crack cocaine and another drug by (1) determine the marijuana equivalency for all of the drug amount involved using the traditional conversion method; (2) subtract two levels from that amount; and (3) determine the base offense level for this altered amount of marijuana. U.S.S.G.

5

App. C, Amendment 715.

### III.

The district court abused its discretion in denying Dewitt's § 3582(c)(2) motion. See Vautier, 144 F.3d 756, 759 n.3. In concluding that the motion was moot because Dewitt would have to serve a 180-month sentence for his cocaine offense regardless of any modification of the sentence for his crack-cocaine offense, the district court overlooked that the sentences were reached using a combined offense level that took into account the amounts of cocaine and crack cocaine involved. Also, the district court failed to apply the requisite two-step analysis. See id. The district court did not determine the guideline imprisonment range that would result from the method described in Amendment 711 or apply § 3553(a) to determine whether a modification was merited. Accordingly, the district court abused its discretion, and we remand the case for reconsideration of Dewitt's motion. See id.

We decline to apply Amendment 711 ourselves to determine whether a different guideline imprisonment range would have resulted, as Amendment 711 no longer is in effect. We note, however, that under now-effective Amendment 715, Dewitt's base offense level would be 30, total offense level 33, and guideline imprisonment range 135 to 168 months. See U.S.S.G. App. C, Amend. 715. This

6

range is significantly lower than that calculated by the district court. On remand, the district court should consider the effect of Amendment 715.

**REMANDED.**