[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10915
Non-Argument Calendar
_____

D. C. Docket No. 94-00032-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH ANTHONY HAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 31, 2008)**

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Joseph Anthony Hayes appeals his sentence of imprisonment for 240 months

imposed after the district court, on remand, reduced Hayes's original sentence of imprisonment of 300 months for his drug and possession of weapon crimes. 18 U.S.C. § 3582(c)(2). Hayes argues that his sentence is unreasonable. We affirm.

## I. BACKGROUND

Hayes was convicted in 1995 for conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1); possession of firearms in furtherance of the possession of cocaine, 18 U.S.C. § 924(c); and possession of an unregistered firearm, 26 U.S.C. § 5861(d). The district court sentenced Hayes to imprisonment for 300 months for the conspiracy crime, United States Sentencing Guidelines § 2D1.1(b)(1) (Nov. 1987), a concurrent term of 120 months for the unregistered firearm charge, and a consecutive term of 60 months for the possession of firearms crime.

In March 2004, Hayes filed a motion to reduce his sentence. See 18 U.S.C. § 3582(c)(2). The district court denied the motion. On appeal, the government conceded that Amendment 599 applied to Hayes. This Court reversed and remanded the case with directions to recalculate Hayes's sentence under the amended guidelines and determine whether to reduce Hayes's sentence. United States v. Hayes, No. 05-12306 (11th Cir. Oct. 31, 2006).

On remand, the district court ruled that Hayes was entitled to a two-level

2

reduction of his base offense level, which provided a sentencing range between 210 and 262 months of imprisonment. See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008); id. App. C, Amend. 706 (Nov. 2007). The district court considered arguments from both parties regarding the sentencing factors and sentenced Hayes to imprisonment for 240 months for the conspiracy crime, a concurrent term of 120 months for the unregistered firearm charge, and a consecutive term of 60 months for the possession of firearms crime. The court explained that it considered "the need to reflect the seriousness of the offense and promote respect for the law and provide just punishment."

## II. STANDARD OF REVIEW

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (citing United States v. Pelaez, 196 F.3d 1203, 1205 (11th Cir. 1999)). We review the reasonableness of a sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007).

## III. DISCUSSION

A district court may reduce a sentence when the guideline imprisonment range is lowered and the court concludes, after considering the factors in section

3

3553(a), that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This decision requires that the "district court . . . make two distinct determinations." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). The district court must substitute the amended guideline range and then decide whether to reduce the defendant's sentence after considering the sentencing factors of section 3553(a). Id.

The district court did not err in reducing Hayes's sentence. The court applied the new guideline range of 210 to 262 months, considered the factors of section 3553(a) and the arguments of Hayes, and explained that a sentence within the guidelines was necessary to accomplish the goals of punishment and deterrence. See 28 U.S.C. § 3553(a); Gall, 128 S. Ct. at 597. Hayes's sentence is reasonable.

## IV. CONCLUSION

Hayes's amended sentence is **AFFIRMED**.