[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12109
Non-Argument Calendar
_____

D. C. Docket No. 89-05004-CR-5-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY BIRCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 15, 2009)**

Before DUBINA, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tommy Birch appeals the reduction of his sentence of imprisonment of 720

months to a term of 360 months for his drug crimes. 18 U.S.C. § 3582(c)(2). We affirm.

## I. BACKGROUND

Birch was convicted in 1989 for conspiracy to possess with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1), 846; possession with intent to distribute 5 grams or more of cocaine base, id. § 841(a)(1); and three counts of possession with intent to distribute 50 grams or more of cocaine base, id. The presentence investigation report listed a base offense level of 36 based on Birch's possession of 1213.6 grams of cocaine base, United States Sentencing Guidelines § 2D1.1 (Nov. 1988), and increased it by four levels for Birch's role as an organizer and leader, id. § 3B1.1. The report listed a criminal history category of V and increased it to VI because Birch was a career offender. Id. § 4B1.1. Based on an adjusted offense level of 40 and a criminal history category of VI, the report calculated a sentencing range between 360 months and life imprisonment. The district court sentenced Hayes to four concurrent terms of imprisonment for 720 months for the crimes of conspiracy and possession with intent to distribute 50 grams or more of cocaine base, id. § 2D1.1, and a concurrent term of 480 months for the crime of possession with intent to distribute 5 grams or more of cocaine base.

2

In 1991, Birch filed a motion to vacate his sentence. 28 U.S.C. § 2255. The magistrate judge found two errors in sentencing: (1) points should not have been added to Birch's criminal history score for a conviction for resisting arrest without violence; and (2) two other convictions should not have been included in the calculation of his sentence. The magistrate judge concluded that Birch was not entitled to a correction of his sentence because, even though Birch no longer qualified as a career offender and his criminal history was reduced from VI to III, there had been no change in the applicable guideline range.

In March 2008, Birch filed a motion to reduce his sentence. See 18 U.S.C. § 3582(c)(2). Birch argued that he was entitled to a two-level reduction of his base offense level, which provided a sentencing range between 188 and 235 months of imprisonment. See U.S.S.G. App. C, Amend. 711 (Supp. Nov. 1, 2008); id. App. C, Amend. 706 (Nov. 2007). Birch requested that the district court consider the statutory factors of sentencing, 18 U.S.C. § 3553(a), and impose a sentence below the guideline range.

The district court appointed a public defender to "determine whether [Birch] may qualify to seek a reduction in sentence," and "[i]f appropriate . . . [to] file or otherwise present motions on behalf of [Birch] for a reduction in sentence" under Amendment 706. Before the public defender filed a notice of appearance, the

3

district court granted Birch's motion and reduced Birch's sentence to imprisonment for 360 months. The district court stated that Birch's amended offense level was 38, his criminal history category was III, the amended guideline range was between 292 and 365 months of imprisonment, and "[t]he reduced sentence [was] within the amended guideline range."

## II. STANDARD OF REVIEW

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (citing United States v. Pelaez, 196 F.3d 1203, 1205 (11th Cir. 1999)). We review the reasonableness of a sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007).

## III. DISCUSSION

A district court may reduce a sentence when the guideline range is lowered and the court concludes, after considering the factors in section 3553(a), that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This decision requires that the "district court . . . make two distinct determinations." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). The district court must substitute the amended

4

guideline range and then decide whether to reduce the defendant's sentence after considering the sentencing factors of section 3553(a). Id.

Birch argues that the district court failed to follow the process for reducing his sentence, but we disagree. Although the order is short, "based on the record as a whole, . . . the district court . . . enunciated sufficient reasons" for its decision. United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). The order states that the district court "considered [Birch's] motion." The same district judge has presided over Birch's case from its outset, and he granted Birch's motion. The record as a whole establishes that the district court considered the factors of section 3553(a) and the arguments of Birch. The district court did not abuse its discretion. Gall, 128 S. Ct. at 597.

## IV. CONCLUSION

Birch's reduced sentence of 360 months is **AFFIRMED**.