[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14171
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00249-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN D. MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 25, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Ryan Moore appeals his sentence of imprisonment for 135 months imposed

after the district court reduced Moore's original sentence of imprisonment of 180 months for his drug crimes. 18 U.S.C. § 3582(c)(2). Moore argues that his sentence is unreasonable. We affirm.

## I. BACKGROUND

Moore pleaded guilty in 2004 to conspiracy to possess and possession with intent to distribute 50 grams or more of cocaine base, 18 U.S.C. § 2; 21 U.S.C. §§ 841(a), (b)(1)(A)(i) & (iii), 846, and possession with intent to distribute a quantity of cocaine, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(C). The presentence investigation report provided a base offense level of 36, United States Sentencing Guidelines § 2D1.1(c)(2) (Nov. 2004), increased it by two levels for possession of a firearm, id. § 2D1.1(b)(1), and reduced it by three levels for Moore's acceptance of responsibility, id. § 3E1.1. With a total offense level of 35 and a criminal history of V, the report listed a guideline range between 262 and 327 months of imprisonment. Moore's cocaine base offenses required a minimum sentence of ten years of imprisonment, while his cocaine offense had a statutory maximum sentence of twenty years of imprisonment.

At the sentencing hearing, the district court stated that Moore "fac[ed] almost the next 20 years of [his] young life in a Federal penitentiary[,] . . . [b]ut . . . [was] also required to nevertheless take into account the factors in Title 18 of the

United States Code, section 3553(a)." The court considered evidence that Moore's mother was addicted to crack cocaine when Moore was born, granted Moore a downward variance, and sentenced him below the guidelines to three concurrent terms of 180 months of imprisonment.

In 2008, Moore moved to reduce his sentence. 18 U.S.C. § 3582(c)(2). Moore argued that he was entitled to a two level reduction of his base offense level, which provided a guideline range between 188 and 235 months of imprisonment. See U.S.S.G. App. C, Amend. 706 (Supp. Nov. 1, 2007). Moore requested that the district court sentence him to 122 months of imprisonment.

The district court appointed a public defender to represent Moore, instructed the United States Probation Office to provide a supplemental presentence investigation report, and ordered the parties to respond to the supplemental report. The government responded that Amendment 706 applied to Moore and stated that the district court could vary downward from the amended guideline range, but argued that Moore should receive at least a sentence of 142 months of imprisonment. Moore argued for a maximum sentence of 135 months of imprisonment, based on his background and his conduct while in prison, and the disparity between sentencing ranges for crack and powder cocaine discussed in Kimbrough v. United States, 128 S. Ct. 558 (2007).

The district court granted Moore's motion and reduced his sentence to 135 months of imprisonment. The court determined that Moore was "eligible . . . for a reduction in his base offense level pursuant to Amendments 706 and 711 of the United States Sentencing Guidelines."

## II. STANDARDS OF REVIEW

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." <u>United States v. White</u>, 305 F.3d 1264, 1267 (11th Cir. 2002) (citing <u>United States v. Pelaez</u>, 196 F.3d 1203, 1205 (11th Cir. 1999)). We review the reasonableness of a sentence for an abuse of discretion. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007).

## III. DISCUSSION

Moore challenges his reduced sentence on two grounds. First, Moore argues that the district court failed to consider the decision of the Supreme Court in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), when the district court recalculated his sentence. Second, Moore argues that the district court failed to consider his post-sentencing conduct. These arguments fail.

Moore's argument about the effect of <u>Kimbrough</u> is foreclosed by our decision in <u>United States v. Melvin</u>, No. 08-13497 (11th Cir. Feb. 3, 2009). We

4

explained that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), excised only those provisions applicable to an original sentencing hearing and did not address the separate provision that allows a district court to reduce a sentence based on retroactive amendments of the Guidelines, 18 U.S.C. § 3582(c). Melvin, No. 08-13497, slip op. at 7–8. Kimbrough, which applied Booker, likewise did not affect requests to modify a sentence. Melvin, slip op. at 9. The district court could not rely on Kimbrough to reduce Moore's sentence.

The district court was not required to grant Moore a greater reduction of sentence. A district court may reduce a term of imprisonment when the guideline range is lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). After the district court recalculates the sentence under the amended guidelines, it must decide, in the light of the statutory sentencing factors, 18 U.S.C. § 3553(a), "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." United States v. Bravo, 203 F.3d 778, 780–81 (11th Cir. 2000); see also U.S.S.G. § 1B1.10 cmt. n.1(B). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), which preclude a "full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); see Bravo, 203 F.3d at 781. Section 1B1.10 counsels against, but does not prohibit, the reduction

5

of a non-guideline sentence: "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

Moore's sentence is reasonable. The district court reviewed the supplemental presentence investigation report and Moore's response to the report, which detailed his post-sentencing conduct. After due consideration of those arguments, the district court reduced Moore's sentence to 135 months of imprisonment. See 28 U.S.C. § 3553(a); Gall, 128 S. Ct. at 597.

## IV. CONCLUSION

Moore's reduced sentence is **AFFIRMED**.