[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14494
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 96-00087-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD XAVIER HALE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 20, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Xavier Hale appeals his sentence of imprisonment for 234 months

imposed after the district court reduced Hale's original sentence of imprisonment of 240 months for his drug crimes. 18 U.S.C. § 3582(c)(2). Hale complains that the district court did not grant him a "comparable reduction" under the Guidelines. We affirm.

Hale pleaded guilty in 1997 to conspiracy to distribute and the distribution of cocaine base within 1000 feet of a public school. 21 U.S.C. §§ 841(a)(1), 846, 860. At the sentencing hearing, the district court determined that Hale had a base offense level of 36, United States Sentencing Guidelines § 2D1.1 (1995), which the district court then increased by two levels for possession of a dangerous weapon, id. § 2D1.1(b), and reduced by two levels for Hale's acceptance of responsibility, id. § 3E1.1. With a criminal history of VI, Hale's guideline range was between 324 and 405 months of imprisonment, but with three previous convictions for drug offenses, Hale faced a mandatory minimum sentence of imprisonment for life. 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(b). At the request of the government, the district court granted Hale a downward departure for his substantial assistance, 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, and sentenced Hale to 240 months of imprisonment.

In 2008, Hale moved to modify his sentence. 18 U.S.C. § 3582(c)(2). Hale argued that he was entitled to a two level reduction of his base offense level, which

provided a sentencing range between 292 and 365 months of imprisonment. See U.S.S.G. App. C, Amend. 706 (Supp. Nov. 1, 2007). Hale requested that the district court sentence him to 216 months of imprisonment. The government did not respond to the motion.

The district court granted Hale's motion and reduced his sentence to 234 months of imprisonment. The district court determined that Hale's amended offense level was 35, his criminal history category was VI, the amended guideline range was between 292 and 365 months of imprisonment, and "[t]he previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range."

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam) (citing United States v. Pelaez, 196 F.3d 1203, 1205 (11th Cir. 1999)).

Hale's appeal fails because the only error of the district court favored Hale, and we cannot redress it. Hale was ineligible for a reduction of his sentence because he had been sentenced to a mandatory minimum term of imprisonment.

See United States v. Williams, 549 F.3d 1337, 1341–42 (11th Cir. 2008) (per curiam). The government concedes that it failed to appeal or cross-appeal that error, and we may not sua sponte correct it. See Greenlaw v. United States, 128 S. Ct. 2559, 2562 (2008).

We **AFFIRM** Hale's reduced sentence.