[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2010
JOHN LEY
CLERK

No. 09-15194
Non-Argument Calendar

_____

D. C. Docket No. 06-00046-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR ROY WATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 12, 2010)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Hector Roy Watson, *pro se*, appeals the district court's denial of his 18

U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendments 706 and 709 to the Sentencing Guidelines. After review of the record and the parties' briefs, we AFFIRM.

## I. BACKGROUND

Watson pled guilty in 2006 to two counts of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). *See* R1-1, 33, 34; R4 at 5. The probation officer who prepared the presentence investigation report ("PSI") assigned Watson a base offense level of 26, pursuant to U.S.S.G. § 2D1.1, but enhanced his offense level to 34, pursuant to U.S.S.G. § 4B1.1(b)(B), after determining that Watson, who had three prior felony convictions for "crimes of violence," was a career offender.[1] After subtracting three levels for acceptance of responsibility, Watson's total adjusted base offense level was 31. Based on his career offender status, Watson's criminal history category was determined to be VI, yielding an advisory guidelines range of 188 to 235 months of imprisonment.

At sentencing, Watson challenged his career offender designation on the grounds that his three prior state convictions, which he argued were part of a

---

[1] Walter had two prior state felony convictions for aggravated assault with a deadly weapon and one prior conviction for aggravated assault.

2

common course of conduct that occurred without an intervening arrest, should have been counted as a single conviction for enhancement purposes. R3 at 15-18, 23. The district court rejected Watson's argument, finding that his prior convictions were separate because they: (1) did not occur on the same occasion; (2) were not part of a single, common scheme or plan; and (3) were not functionally consolidated for sentencing, even though Watson was sentenced on the same day for all three convictions. *Id.* at 23-25. The district court nevertheless determined that Watson's improved behavior after his release on bond indicated that he was amenable to rehabilitation and varied downward to impose 120-month sentences for each count, to run concurrently. *See* R2 at 93-97. We affirmed Watson's sentences on direct appeal. *See* R1-53.

Watson thereafter filed a § 3582(c)(2) motion for a sentence reduction based on Amendment 706 to the Sentencing Guidelines. *See* R1-59. The district court denied the motion, finding that Amendment 706 was inapplicable because Watson's sentences were based on his career offender designation under § 4B1.1 and not on a drug quantity determined under § 2D1.1. R1-60 at 2-3. Watson moved for reconsideration, arguing that his three underlying predicate offenses were "related" and, pursuant to Amendment 709, should not have been considered separately for purposes of the career offender enhancement. R1-61 at 1-3. The

3

district court denied Watson's motion for reconsideration, and this appeal

followed. R1-62, 63.

## II. DISCUSSION

We "review *de novo* a district court's conclusions about the scope of its

legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d

983, 984 (11th Cir. 2008).

On appeal, Watson argues that, in denying his § 3582 motion for reduction

of sentence based on Amendment 706, the district court should have reconsidered

his career offender designation in light of Amendment 709, which requires district

courts, when assessing a defendant's criminal history, to treat as a single sentence

all prior sentences that were imposed on the same day. *See* U.S.S.G. § 4A1.2(a)(2)

(Nov. 1, 2007). He asserts that application of Amendment 709 would have

resulted in his three prior state convictions being counted as only one predicate

offense for career offender purposes. Watson also argues that if Amendment 709

were applied to nullify his career offender status, then he would be entitled to a

sentence reduction by virtue of Amendment 706.

Section 3582(c)(2) grants district courts the discretion to reduce a

previously imposed sentence "if such a reduction is consistent with the applicable

policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

4

The relevant policy statement on retroactive reduction of sentences provides that a sentence reduction is authorized under § 3582(c)(2) only where the applicable guideline range was lowered as a result of an amendment to the Guidelines Manual enumerated under § 1B1.10(c).[2]  See U.S.S.G. § 1B1.10(a); United States v. Pelaez, 196 F.3d 1203, 1205, n.3 (11th Cir. 1999) (holding that only the amendments listed in § 1B1.10(c) may be applied retroactively using a § 3582(c)(2) motion).  Therefore, a reduction in the defendant's term of imprisonment is not consistent with this policy statement and is not authorized under § 3582(c)(2) if (a) none of the amendments listed in subsection (c) is applicable to the defendant; *or* (b) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).  U.S.S.G. § 1B1.10, comment. (n.1).

We readily reject Watson's argument that the district court erred in failing to reduce his sentences based on Amendment 709, as that amendment is not among those listed in § 1B1.10(c) as retroactively applicable.  To the extent Watson asserts that he was entitled to a sentence reduction based on Amendment

---

[2] The following amendments are listed under U.S.S.G. § 1B1.10(c) as retroactively applicable: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.  U.S.S.G. § 1B1.10(c).

706, his argument is foreclosed by our decision in *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S. Ct. 965, *and cert. denied*, 129 S. Ct. 1601 (2009) (holding that a defendant whose sentence is based on his status as a career offender under § 4B1.1 is not entitled to § 3582(c)(2) relief because Amendments 706 and 713 do not lower the applicable guideline range for a career offender). Accordingly, the judgment of the district court is **AFFIRMED.**