[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2009
THOMAS K. KAHN
CLERK

No. 08-13619
Non-Argument Calendar

_____

D. C. Docket No. 97-00017-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO L. SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 27, 2009)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Antonio L. Scott, a pro se federal prisoner convicted of crack cocaine offenses, appeals from the district court's limited reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), and the denial of various post-order motions

for reconsideration. On appeal, Scott argues that: (1) the district court violated the Federal Rules of Criminal Procedure by failing to order a revised Presentence Investigation Report ("PSI"); (2) the district court violated United States v. Booker, 543 U.S. 220 (2005), in imposing his sentence, and the Sentencing Commission violated Booker in rewriting U.S.S.G. § 1B1.10; and (3) his sentence was unreasonable. After careful review, we affirm.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion. Id. We review de novo legal questions concerning the Federal Rules of Criminal Procedure. United States v. Spears, 443 F.3d 1358, 1361 (11th Cir. 2006).

First, we reject Scott's claim that the district court erred by failing to order a revised PSI for his resentencing.[1] Federal Rule of Criminal Procedure 32 and 18 U.S.C. § 3552(d) set forth the requirements for the disclosure of PSIs. Rule 32

---

[1] Scott was resentenced based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense level for crack cocaine cases calculated under U.S.S.G. § 2D1.1(c) by two levels. U.S.S.G. App. C, Amend. 706. Scott was able to seek the retroactive application of Amendment 706 through a § 3582(c)(2) motion because the Sentencing Commission added Amendment 706 to § 1B1.10(c) on March 3, 2008. See U.S.S.G. App. C, Amend. 713; see also United States v. Pelaez, 196 F.3d 1203, 1205 n.3 (11th Cir. 1999).

2

provides that for any disputed portion of the PSI, the sentencing court "must . . . rule on the dispute or determine that a ruling is unnecessary . . . ." Fed. R. Crim. P. 32(i)(3)(B). However, sentencing adjustments under § 3582(c)(2) do not constitute de novo resentencing. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Rather, all "original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. (quotation omitted); United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (observing that § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous resentencing issues"). Accordingly, a district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence. See United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997) (holding the district court correctly declined to reexamine the number of marijuana plants involved in the offense).

In this case, Scott was not entitled to a new PSI or to lodge objections to his original PSI because all of the district court's original sentencing determinations were to remain unchanged except for the revised guidelines range. See Moreno, 421 F.3d at 1220. Therefore, the district court was not required to follow the dictates of the Federal Rules of Criminal Procedure regarding PSIs in reducing

Scott's sentence, and did not err in failing to order a revised PSI nor in failing to consider Scott's contention that his original PSI contained inaccurate information.

Next, we find no merit in Scott's argument that his sentence was imposed in violation of Booker. The policy statements of the Guidelines provide that, generally, a district court considering a § 3582(c)(2) motion may not reduce a defendant's term of imprisonment below the amended guideline range. In relevant part, § 1B1.10(b)(2) provides:

> (2) Limitations and Prohibition on Extent of Reduction. --
>
> (A) In General. -- Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception. -- If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2) (2008).

In United States v. Melvin, we held that Booker does not apply to § 3582(c)(2) proceedings. No. 08-13497, manu. op. at 2, 7 (11th Cir. Feb. 3, 2009). We further held that even if Booker did apply to § 3582(c)(2) proceedings, "there is no mandatory sentencing guideline that would run afoul of Booker . . .

4

since a court is not required [under § 3582(c)(2)] to reduce a movant's sentence." Id. at 8. As a result, Booker does not prohibit § 1B1.10(b)(2)(A)'s limitation that a district court cannot reduce the defendant's term of imprisonment below the amended guidelines range. Id. at 5-9.

In light of our recent decision in Melvin, the district court could not have committed a statutory or constitutional error pursuant to Booker in granting Scott's § 3582(c)(2) motion because Booker does not apply to such proceedings. See id. at 2. Therefore, the district court was not permitted to reduce Scott's sentence below the amended guideline range. See id. at 7-9. Nor did Booker prohibit the Sentencing Commission from prohibiting the district court from sentencing Scott below the amended guideline range. See id. Moreover, to the extent that Scott argues that the district court erred in basing his sentence on its previous finding that he was accountable for a particular amount of cocaine base, Scott was not entitled to a full resentencing based on § 3582(c)(2), and the district court properly left intact its previous factual decisions regarding the drug quantity. See Cothran, 106 F.3d at 1563.

Finally, we are unpersuaded by Scott's claim that the district court imposed an unreasonable sentence. A district court may reduce a sentence pursuant to a subsequently-lowered guideline range when the court considers the 18 U.S.C.

§ 3553(a) factors and concludes that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To do so, "the district court must make two distinct determinations." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). The district court must first substitute the amended guideline range and second, must decide whether to reduce the defendant's sentence after considering the sentencing factors of § 3553(a). Id. The record must demonstrate that the § 3553(a) factors were taken into account, but the district court is not required to articulate the applicability of each of the factors. United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).

Here, the district court correctly calculated Scott's amended guideline range at 135 to 168 months' imprisonment. Next, the district court noted that it was required to consider the § 3553(a) factors and it explicitly stated that sentencing Scott below 151 months' imprisonment would create an unwarranted sentencing disparity. Scott failed to show that the court abused its discretion in re-sentencing him because the district court followed the proper procedures for reducing a sentence in a § 3582(c)(2) proceeding.[2] Accordingly, we affirm.

**AFFIRMED.**

---

[2]Although Scott seems to argue that his guideline range should have been lower because he did not possess crack cocaine, as noted above, the district court's initial findings regarding Scott's drug quantity and drug type could not be revisited during a § 3582(c)(2) proceeding. See Cothran, 106 F.3d at 1563. Indeed, the district court left Scott's range at a criminal history category of II and was careful in pointing out that it could not consider any erroneous information regarding Scott's criminal history category in reaching that conclusion.