[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13264
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 94-04066-CR-4-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS ANTONIO ROSARIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 28, 2010)

Before DUBINA, Chief Judge, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Appellant Alexis Antonio Rosario, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). On appeal, Rosario argues that the district court erred in finding that it did not have the authority to reduce his sentence under Amendment 706, which reduced the base offense levels applicable to crack cocaine, because the presentence investigation report ("PSI") held him responsible for having more than 4.5 kilograms of crack cocaine.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" – and is, therefore, not authorized under § 3582(c)(2) – if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

In determining whether Amendment 706 reduced Rosario's guideline range, the district court was required to consider not only whether the amendment reduced the drug quantity base offense level, but whether § 4B 1.1(b) produced a higher offense level than his amended drug quantity offense level. *See* U.S.S.G. § 1B1.10(b)(1) (the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced"). Proceedings under § 3582(c)(2) and § 1B1.10 do not constitute *de novo* resentencing, and all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing. U.S.S.G. § 1B1.10(a)(3); *United States v. Scott*, 315 Fed. App'x 895 (11th Cir. 2009). We have held that a defendant accountable for more than 4.5 kilograms of cocaine is not eligible for a sentence reduction under Amendment 706. *United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1657 (2009).

Here, the record reveals that Rosario was originally sentenced based upon 4.75 kilograms of crack cocaine that was attributed to him.[1] As such, he was not

---

[1] Even if we assume *arguendo* that the PSI attributed to Rosario less than 4.5 kilograms of cocaine, as the parties suggest, we nevertheless find that he is ineligible for a sentence reduction because he is a career offender. *See United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 965 (2009) (holding that Amendment 706 had no effect on a career offender's applicable guideline range).

3

eligible for a sentence reduction, and the district court properly denied his

§ 3582(c)(2) motion.  Accordingly, we affirm the district court's order denying

Rosario a sentence reduction.

**AFFIRMED.**