[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13832
Non-Argument Calendar

_____

D. C. Docket No. 94-00032-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS SYLVESTER HAYMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 23, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Hayman appeals his sentence of 289 months, which was imposed

after the district court granted Hayman's motion to reduce his original sentence of imprisonment of 360 months for his drug crimes. 18 U.S.C. § 3582(c)(2). Hayman challenges the reimposition of an upward departure. We affirm.

## I. BACKGROUND

In 1995, Hayman was convicted of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and using or carrying a firearm during and in relation to trafficking drugs, 18 U.S.C. § 924(c). The presentence investigation report listed for the conspiracy crime a base offense level of 34, United States Sentencing Guidelines § 2D1.1, and increased it by two points because Hayman possessed a firearm during the offense, id. § 2D1.1(b)(1). With a criminal history of IV, the report provided a sentencing range between 262 and 327 months of imprisonment. The government moved for an upward departure to a criminal history of V because the presentence report did not account for Hayman's uncharged conduct in September 1993 when he participated in a robbery and rape.

At a hearing on the motion to depart, the government submitted evidence of Hayman's guilt through testimony from the rape victim, depositions of two of Hayman's cohorts in the robbery, and excerpts from a recorded statement provided by a third cohort. Hayman testified and denied that he had been involved in the incident. The district court found that Hayman had participated in the crimes,

2

granted the motion of the government for an upward departure, and ruled that Hayman had obstructed justice by denying involvement in the robbery and rape.

At the sentencing hearing, the district court increased Hayman's criminal history to V and increased Hayman's base offense level from 36 to 38 for his obstruction of justice. Based on these increases, Hayman's sentencing range for his conspiracy charge was between 360 months and imprisonment for life. The district court sentenced Hayman to 360 months of imprisonment.

Hayman appealed and challenged the upward departure. Hayman argued that the "magnitude of the departure was unreasonable under the circumstances." We affirmed Hayman's convictions and sentences summarily. United States v. Hayman, No. 96-4135 (11th Cir. Apr. 6, 1998).

In 2008, Hayman moved pro se to reduce his sentence. 18 U.S.C. § 3582(c)(2). Hayman argued that he had a total offense level of 36 that should be reduced to 34 because he was convicted of a firearms offense and that offense was used to enhance his sentence for conspiracy. See U.S.S.G. App. C, Amend. 599. After the district court appointed counsel, Hayman argued that he had a base offense level of 34, a criminal history of IV, and he was entitled to a reduced sentence between 210 and 262 months of imprisonment.

The government conceded that Amendment 599 applied to Hayman, but

3

challenged his request to reduce his sentence. The government stated that Hayman had an offense level of 36 and a criminal history of IV, but the district court had granted an upward departure based on Hayman's criminal history and had imposed a two-level enhancement for obstruction of justice, for a total offense level of 38 and a criminal history of V. The government argued that the district court should not reduce Hayman's sentence because of his previous uncharged crimes, his false testimony about those crimes, and his criminal history category of V.

The district court granted Hayman's motion and reduced his sentence to 289 months of imprisonment. The district court calculated Hayman's reduced sentence by departing upward based on the same percentage it deduced had been applied to Hayman's original sentence. The court explained that it had computed Hayman's original sentence as follows: Hayman had a total offense level of 36 and a criminal history of IV that provided a sentencing range between 262 and 327 months of imprisonment, and after the court departed upward 37.4 percent from the low end of that range, it imposed a sentence of 360 months of imprisonment. After the district court determined that Hayman had a reduced base offense of 34, a criminal history of IV, and an amended guideline range between 210 and 262 months of imprisonment, the court again departed upward 37.4 percent from the low end of the range and computed a reduced sentence of 289 months of imprisonment.

4

Hayman moved for reconsideration and argued that the district court violated the Fifth Amendment when it increased his sentence based on crimes for which he had never been charged or convicted. The district court denied the motion summarily.

## II. STANDARDS OF REVIEW

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (citing United States v. Pelaez, 196 F.3d 1203, 1205 (11th Cir. 1999)). Objections or arguments that are not raised in the district court are reviewed for plain error. United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006).

## III. DISCUSSION

Hayman argues for the first time on appeal that the district court erred by reapplying the same upward departure that was applied to Hayman's original sentence. Hayman contends that the robbery and rape were not part of the relevant conduct of his charged offense; he was never charged for the crimes; and no evidence supported the finding that he committed the crimes. We disagree.

The district court did not plainly err when it reimposed the upward

5

departure. We have ruled that a district court has the discretion to reapply a downward departure, United States v. Vautier, 144 F.3d 756, 761 (11th Cir. 1998), and nothing in our caselaw suggests a different conclusion about an upward departure, United States v. Bravo, 203 F.3d 778, 781 n.5 (11th Cir. 2000). We upheld the application of the upward departure in Hayman's direct appeal. Hayman, No. 96-4135. The district court was entitled to consider evidence of Hayman's uncharged crimes to fashion a reduced sentence. See United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006) ("district courts [may] consider not merely the charged conduct, but rather all 'relevant conduct,' in calculating a defendant's offense level").

## IV. CONCLUSION

Hayman's amended sentence is **AFFIRMED.**