**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kelly Ann CLARK, Defendant–Appellant.**

**No. 94–2050.**

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 17, 1996.

Decided April 1, 1997.

James A. Brunson, Asst. U.S. Attorney, Bay City, MI, Jennifer J. Peregord (briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee.

Miriam L. Siefer (briefed), Federal Public Defenders Office, Detroit, MI, for Defendant–Appellant.

Kelly Ann Clark (briefed), Alderson, WV, pro se.

Before: MERRITT, JONES, and COLE, Circuit Judges.

MERRITT, Circuit Judge.

Defendant, Kelly Ann Clark, who pleaded guilty to conspiracy to possess lysergic acid diethylamide (LSD) with intent to distribute in violation of 21 U.S.C. § 846, received the minimum sentence of 10 years mandated by statute and now appeals her sentence. The primary question before us is whether the new "safety valve" statute, allowing courts to sentence below a statutorily mandated minimum sentence, applies to cases pending on appeal. We hold that the safety valve statute, officially entitled the "Mandatory Minimum Sentencing Reform Act of 1994," a much needed reform in the law of sentencing for drug offenses, should be applied broadly, and we remand the case for resentencing.

At the first sentencing hearing on September 13, 1991, the District Court sentenced Clark to 121 months imprisonment and five years supervised release. Clark's sentence was based upon (1) a LSD weight of 160.284 grams including the carrier medium; (2) her acceptance of responsibility; (3) a category I criminal history; and (4) her minor participation in the offense. She filed a direct appeal challenging the district court's refusal to permit her to withdraw her guilty plea and the court's computation of her sentencing guideline range. With the exception of a limited remand for specific clarification on a question related to the plea withdrawal issue, this court affirmed the district court's decision in all respects. *See United States v. Clark and Miller,* 1992 WL 158123 (6th Cir. 1992). On October 27, 1992, the district court issued its findings on remand, adhering to its decision denying Clark's motion to withdraw her plea. As a result of the statutorily mandated minimum sentence, Clark received 10 years and one month in prison for a relatively minor first offense in the drug trade.

Clark subsequently filed a pro se motion for sentence modification under 18 U.S.C. § 3582(c)[1] based upon a November 1993 amendment to the U.S. Sentencing Guideline which revised the method used to calculate LSD for sentencing purposes. That amendment provided:

> In the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 [milligrams] of LSD for the purposes of the Drug Quantity Table.

1995 U.S.S.G. § 2D1.1, Amendment 488. Clark's sentencing guideline range would have been reduced to 63–78 months by using the amendment's presumptive weight calculation for LSD.

Upon the district court's second consideration of this case on August 11, 1994, the court granted Clark's motion for sentence modification under 18 U.S.C. § 3582(c). Following *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991)(holding that the weight of the carrier medium containing LSD determines minimum sentence eligibility), the court resentenced her to 120 months imprisonment, the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(v). Judge Cleland stated, "Although [Clark's] sentence under the current guideline calculation would call for a sentence below the statutory minimum of 10 years, the [c]ourt may not transgress the statutorily mandated minimum sentence." J.A. 36. The District Court nevertheless reduced Clark's sentence from 121 months to the mandatory statutory minimum of 120 months.

■ On appeal from this sentence Clark maintains that she should be resentenced in

---

1. Section 3582(c)(2) provides that a court may modify a sentence when the Sentencing Commission has "subsequently lowered" the sentencing range, as occurred in the instant case.

accordance with the safety valve provision of 18 U.S.C. § 3553(f), which provides an exception to the applicability of mandatory minimum sentences in certain cases. The Mandatory Minimum Sentencing Reform Act, also known as the "safety valve statute," contemplates shorter sentences for first time offenders who might otherwise be subject to mandatory minimum sentences. It was adopted a month after the 120 month sentence in this case was imposed in the district court. Where Congress has mandated a minimum sentence of, for example 5, 10, 15 or 20 years, the "safety valve statute" allows the sentencing court to go below the previously mandated statutorily minimum sentence for the offense.

The question before us is whether § 3553(f) of the safety valve statute should be applied to cases pending on appeal when it was enacted.[2] This subsection applies "to all sentences imposed on or after" the date of enactment, September 13, 1994, Pub.L. No. 103—322, § 80001(a), 108 Stat. 1796, 1985—1986 (1994). The statute's language does not address the question of its application to cases pending on appeal. The statute's purpose statement, however, suggests that it should receive broad application and should apply to cases pending on appeal when the statute was enacted. The statute was enacted to end the mechanical application of minimum sentences that are mandated by statute. It was enacted to provide an exemption from mandatory sentencing to a certain class of non-violent, low-level drug offenders by permitting them "to receive regulated reductions in prison sentences for mitigation factors currently recognized under the federal sentencing guidelines." H.R. Rep. 103–460, at 4 (1994). Congress realized that long mandatory minimum sentences compel judges to punish the crime instead of the criminal without respect to the degree of defendant's culpability, likelihood of rehabilitation, cooperation with the prosecution or the fact that the crime is the defendant's first offense. Statutory mandatory minimum sentences restrain judges from exercising their best judgment and force them to ignore the Sentencing Guidelines and the circumstances of individual cases. *See* Don J. DeBenedictis, *How Long Is Too Long?*, 79 A.B.A. J. 74 (Oct.1993). Applying the safety valve statute broadly to cases pending on appeal when the statute was enacted is consistent with the remedial intent of the statute.

A case is not yet final when it is pending on appeal. The initial sentence has not been finally "imposed" within the meaning of the safety valve statute because it is the function of the appellate court to make it final after review or see that the sentence is changed if in error. When a sentence is modified under 18 U.S.C. § 3582(c)(2), the courts are required to consider the factors that are set out in 18 U.S.C. § 3553(a). *See United States v.*

2. Subsection (f) of the safety valve statute provides:

(f) Limitation on applicability of statutory minimums in certain cases.—Notwithstanding any other provision of the law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 961, 963), the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the government has been afforded the opportunity to make a recommendation, that—

(1) the defendant does not have more than one criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

*Townsend,* 55 F.3d 168, 171–72 (5th Cir. 1995). We note that § 3553(a), Title 18, specifically describes the "[f]actors to be considered in imposing a sentence" and that the courts must consider the same factors when a modified sentence is imposed as they do at initial sentencing. Those factors include the applicable sentencing range, as well as "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the need for the sentence imposed," 18 U.S.C. § 3553(a)(2), and "the kinds of sentences available," 18 U.S.C. § 3553(a)(3). The consideration of these factors is consistent with the application of the safety valve statute. Therefore, § 3553(a) authorizes consideration of the safety valve statute when a defendant is otherwise properly resentenced under § 3582(c)(2).

█ The courts should apply the guidelines that are in effect at the time of sentencing or resentencing, if doing so would not violate the *Ex Post Facto* Clause of the Constitution. *United States v. Fagan,* 996 F.2d 1009, 1018 (9th Cir.1993) (collecting cases). Application of the safety valve statute when a sentence is modified would not result in an *ex post facto* violation because the defendant would not be disadvantaged by its application. Thus, other courts have applied the safety valve statute when cases are remanded for resentencing, even though it was not in effect when the defendants were first sentenced. *See United States v. Flanagan,* 80 F.3d 143, 144–45 (5th Cir.1996); *United States v. Polanco,* 53 F.3d 893, 898–99 (8th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2555, 135 L.Ed.2d 1073 (1996).

The holdings in these cases are consistent with 18 U.S.C. § 3553(a), and with 18 U.S.C. § 3582(b)(2)–(3), which indicate that a sentence is not final if it can be appealed and modified pursuant to 18 U.S.C. § 3742. Similarly, § 3582(b)(1) indicates that a sentence is not final if it can be modified pursuant to 18 U.S.C. § 3582(c). In each of these situations resentencing is possible because of an exception to the general rule that the initial sentence was final. Each situation raises the possibility that resentencing will lower the defendant's unrestricted guideline range be-

low the statutory minimum, thus making consideration of the safety valve relevant. Therefore, we hold that appellate courts may take the safety valve statute into account in pending sentencing cases and that district courts may consider the safety valve statute when a case is remanded under § 3742 or § 3582(c), the Sentencing Guidelines or other relevant standards providing for the revision of sentences.

Accordingly, the district court's judgment is vacated, and the case is remanded for further safety valve proceedings to determine whether Clark should be granted relief under 18 U.S.C. § 3553(f). Now that the district court can reconsider this case under the safety valve statute, it should consider in the first instance the question of whether the sentencing calculation should be made in this case under the weight standards for LSD now provided in the Sentencing Guidelines. It should conduct the hearing on remand with the defendant and her lawyer present.