RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0408a.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 07-5465

JOHN S. BROWN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 06-00065—John G. Heyburn II, Chief District Judge.

Submitted: October 28, 2008

Decided and Filed: November 19, 2008

Before: MARTIN and GILMAN, Circuit Judges; DOWD, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Michael M. Losavio, Louisville, Kentucky, for Appellant. Terry M. Cushing, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

---

## AMENDED OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. John S. Brown appeals his 144 month sentence for possession of crack and powder cocaine with intent to distribute, possession of a firearm in furtherance of a drug crime, and possession of a firearm after a felony conviction. On appeal, he argues that his sentence should be vacated because it was imposed without a presentence report. We find that the district court properly exercised its discretion to impose a sentence without a presentence report under Federal Rule of Criminal Procedure 32(c)(1)(A)(ii) and United States Sentencing Guidelines Manual § 6A1.1(a)(2). Finding Brown's sentence to be procedurally reasonable, we AFFIRM. However, we REMAND for reconsideration of his sentence in light of the 2007 Amendments to the Sentencing Guidelines, which apply retroactively to Brown's case.

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

I.

On March 22, 2006, John S. Brown was arrested in Louisville, KY, on suspicion of drug trafficking. Police found him carrying crack and powder cocaine, $918 in cash, and a loaded .380 handgun. Brown admitted that he intended to distribute the drugs and that he carried the gun for protection. He was subsequently charged with possession of crack and powder cocaine with intent to distribute, possession of a firearm in furtherance of a drug crime, and possession of a firearm after a felony conviction. At the advice of counsel, Brown negotiated a plea agreement, pled guilty to all counts and agreed to a recommended sentence of 144 months. After finding that it had all the facts necessary for sentencing, the district court found this sentence to be reasonable and imposed the recommended sentence. Brown now appeals.

II.

We review sentencing determinations for both procedural and substantive reasonableness. A sentence is procedurally unreasonable if it is marked by "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). "[A] sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007) (citation and quotation marks omitted). The standard of review for sentencing determinations is abuse of discretion. *Gall*, 128 S.Ct. at 594.

III.

Brown argues that the district court's failure to consult a presentence report before sentencing him was procedurally unreasonable. We disagree. Presentence reports, while often an important resource, are not a mandatory part of the sentencing process. Both the Federal Rules of Criminal Procedure and the Sentencing Guidelines expressly provide that a district judge may sentence a defendant without a presentence report "[if] the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Fed. R. Crim. Pro 32(c)(1)(A)(ii); U.S.S.G. § 6A1.1(a)(2). This makes sense. The purpose of a presentence report is to inform the judge of the facts relevant to sentencing. As Rule 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2) recognize, where the judge already has those facts in front of him, a presentence report is unnecessary. *Cf.* U.S.S.G. § 6A1.1 *cmt*. ("A thorough presentence investigation *ordinarily* is essential in determining the facts relevant to sentencing. Rule 32(c)(1)(A) permits the judge to dispense with a presentence report . . . when the court finds sufficient information in the record to enable it to exercise its statutory sentencing authority meaningfully and explains its finding on the record.") (emphasis added).

Brown correctly notes that U.S.S.G. § 6A1.1(b) provides that a defendant may not waive preparation of a presentence report. However, U.S.S.G. § 6A1.1(b) must be read in light of U.S.S.G. § 6A1.1(a), which empowers the judge to sentence a defendant without a presentence report. That is to say, U.S.S.G. § 6A1.1(b) does not limit the *judge's* authority to issue a sentence without a presentence report if he complies with Rule 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2).

Here, Brown entered into a binding plea bargain with the United States pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. He agreed to the facts that were contained therein and which were independently reviewed by the district court at his sentencing hearing. Likewise, he agreed to a sentence of 144 months. Consistent with U.S.S.G. § 6B1.2(c), the district

court accepted the plea bargain upon finding that the agreed-upon sentence fell within the applicable range.[1] It then asked Mr. Brown whether he would like to be sentenced that day or delay sentencing for "a couple of months" while a presentence report was prepared. In doing so the district court did not in any way limit its authority to impose a sentence without a presentence report. When Brown indicated he did not desire to wait, he signed a form memorializing this preference as an incident to this exchange. The district court then found that the record enabled it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and sentenced Brown to the agreed-upon sentence. To the extent the district court treated Brown's preference as controlling, it was within its discretion to do so. This in no way violated the Sentencing Guidelines.

Furthermore, it is clear from the record that the district court had sufficient information before it to "exercise its sentencing authority meaningfully." The district court had discussed Brown's criminal history with Brown's counsel, as well as the structure of Brown's plea agreement, under which the United States agreed to drop the second drug charge against him if he pled guilty to all counts and agreed to a 144 month sentence.[2]

Having made the finding required by Rule 32(c)(1)(A)(ii), the district court went on to explain it on the record at Brown's sentencing hearing. This explanation was brief but sufficient in the broader context of the hearing: no facts relevant to sentencing were in dispute and Brown's sentence had been negotiated to three years less than the mandatory minimum for the charges he faced.[3]

Sentencing Brown without a presentence report was procedurally reasonable under these circumstances.

IV.

While Brown's sentence was procedurally reasonable, it was imposed pursuant to sentencing guidelines that have since been amended retroactive to Brown's case. Because of this, we affirm his sentence but remand his case for reconsideration of his sentence in light of the 2007 Amendments to the Sentencing Guidelines. *United States v. Poole*, 538 F.3d 644, 645 (6th Cir. 2008).

Brown's sentence was imposed on May 17, 2007. On November 1, 2007, the Sentencing Guidelines were amended to decrease the offense level for drug convictions involving crack by two points. However, offenses involving crack and another drug require conversion to marijuana to calculate the offense level. The conversion table included in the 2007 Amendments generally provides the intended two-level decrease in multiple drug situations, but sometimes inexplicably results in a greater offense level, even in cases involving inconsequential amounts of a second drug. This effectively nullifies the Amendments for purposes of multiple-drug crimes involving crack, and denies defendants convicted of multiple-drug crimes the benefit received by similarly situated

---

[1] The record indicates that Brown's criminal history was most likely V, but clearly not less that IV. The plea bargain stipulated category V, and the district court followed this. However, to the extent there is any uncertainty, it is worth noting that the sentence of 144 months falls within the recommended range for both. The offense level for the drug charge was 23, with a five year minimum. For a criminal history of IV, the Guidelines Manual range was 70-87 months. For a criminal history of V, it would have been 84-105. The firearm count carried a 60 month minimum to be served consecutive to the first, so a total of 144 months falls within either category.

[2] This reduced the mandatory minimum of his sentences from fifteen years to ten.

[3] Even if the district court had committed error here, that error would not be reversible under Fed. R. Crim. Pro. 52, because Brown did not object to it at his sentencing hearing and there is no evidence that it "affects substantial rights." *United States v. Ward*, 190 F.3d 483, 492 (6th Cir. 1998).

individuals.  This appears to be the result of haste in developing the Amendments. We believe this result is inconsistent with both the substance and policy of the 2007 Amendments, and that the *marijuana* equivalency tables used in determining the offense level for crimes involving *crack* and another drug are not controlling for purposes of 18 U.S.C. § 3582(c).

The 2007 Amendments are retroactive to Brown's case.  *See* 73 Fed. Reg. 217-01 (Jan. 2, 2008);  § 1B1.10(c) (Supp. 2008).  And Brown's case falls within the anomaly discussed above: the offense level for 15.2 grams of crack under the amended guidelines is 24.  However, when the crack is converted to marijuana, the resulting offense level is 26–exactly what he would have received under the prior guidelines–*even before* one adds the converted amount of the second drug.  This denies Brown the benefit of the 2007 Amendments, and it appears particularly arbitrary in light of the small amount of cocaine he possessed (which of course triggered the conversion in the first place).

The 2007 Amendments create fact intensive anomalies in sentencing for multiple-drug crimes that we believe do not reflect the policy of the Sentencing Commission for crack offenses, and their application is best considered on an individualized basis by the sentencing court.  This is particularly so where, as here, the defendant's original sentence was near the low end of the guideline range.

V.

For the foregoing reasons, we AFFIRM Brown's sentence, but REMAND the case for reconsideration in light of the 2007 Amendments.