*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0374p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ERROL EUGENE WASHINGTON,
            *Defendant-Appellant.*

Nos. 09-5110/5171

————————————

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 94-00092-001—William J. Haynes, Jr., District Judge.

Submitted: August 4, 2009

Decided and Filed: October 27, 2009

Before: SILER, MOORE, and GRIFFIN, Circuit Judges.

————————————

## COUNSEL

**ON BRIEF:** John G. Oliva, Nashville, Tennessee, for Appellant. Matthew J. Everitt, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

GRIFFIN, J., delivered the opinion of the court, in which SILER, J., joined. MOORE, J. (p. 13), delivered a separate opinion concurring in the judgment.

————————————

## OPINION

————————————

GRIFFIN, Circuit Judge. Defendant Errol Eugene Washington appeals the district court's order denying, in part, his motion to reduce and modify his otherwise valid sentence pursuant to 18 U.S.C. § 3582(c)(2). Washington's appeal presents an issue of first impression in our circuit: whether the district court, in modifying a sentence pursuant to § 3582(c)(2), has authority under *United States v. Booker*, 543 U.S. 220 (2005), to reduce a sentence beyond the retroactive United States Sentencing Guidelines amendment range.

1

For the reasons explained below, we hold that the district court does not have such authority and therefore affirm the judgment of the district court.

I.

On May 1, 1995, Washington was convicted by jury of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2 (Count 2), and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3).  On February 8, 1996, the district court determined that Washington's total offense level was 38 and assessed his criminal history category at I, producing a Guidelines range of 235 to 293 months of imprisonment on Counts 1 and 2 and a five-year consecutive term of imprisonment on Count 3.  The district court sentenced Washington to a total of 295 months of imprisonment.

While Washington was in prison, the Sentencing Commission adopted Amendment 706, effective November 1, 2007, which altered the drug quantity table set forth in U.S.S.G. § 2D1.1 to lower the base offense level for crack cocaine offenses by two levels.  The Commission added Amendment 706 to the list set forth in U.S.S.G. § 1B1.10(c), a policy statement that designates those Guidelines amendments that may be applied retroactively.[1]

Based upon Amendment 706, Washington filed a motion in the district court on August 11, 2008, requesting a modification of his 1996 sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides a limited exception to the rule barring a court from altering a valid sentence once it has been imposed.  Applying the amended drug quantity table, the district court reduced Washington's base offense level from 38 to 36, yielding an amended Guidelines sentencing range of 188 to 235 months.  Thereafter, the district court modified Washington's sentence on Counts 1 and 2 to 188 months, the bottom of the amended Guidelines range.  Washington moved for a further reduction, arguing that his sentence was greater than necessary to achieve its purpose under 18 U.S.C. § 3553(a).  The district court denied this aspect of the motion, ruling that it lacked the

---

[1]A Guidelines amendment may not be applied retroactively unless expressly listed in U.S.S.G. § 1B1.10(c).

authority to do so pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(2)(A). Washington also filed a Fed. R. Crim. P. 35(a) motion that the district court denied.[2]

Washington timely appeals.

## II.

"A district court's denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) is reviewed under the abuse-of-discretion standard." *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). We have explained that a district court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *Id.*

We review de novo the sentencing court's interpretation of statutes. *United States v. Corrado*, 304 F.3d 593, 607 (6th Cir. 2002). Regarding statutory construction, we are guided by the following well-established principles:

> "[i]t is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States,* 242 U.S. 470, 485 (1917). "If the words are plain, they give meaning to the act, and it is neither the duty nor the privilege of the courts to enter speculative fields in search of a different meaning." *Id.* at 490. Recognizing the consequences of unbridled judicial forays into the legislative sphere, the Supreme Court has admonished "'time and again that a legislature says in a statute what it means and means in a statute what it says there.'" *Arlington Cent. Sch. Dist. Bd. of Ed. v. Murphy,* 548 U.S. 291, 296 (2006) (quoting *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253-54 (1992)). Accordingly, "[w]hen the statutory language is plain, the sole

---

[2]Fed. R. Crim. P. 35(a) provides, in pertinent part: "Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Washington's substantive claim is outside the scope of Rule 35(a) because the rule should "extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court . . . ." Fed. R. Crim. P. 35(a) advisory committee's note to 1991 amendments. Additionally, Rule 35(a) "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." *Id.*; *see United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006) ("The authority conferred by Rule 35(a) . . . is extremely limited" and "'if [an error] did not constitute an obvious error or mistake that would have resulted in a remand by this Court,' it is outside Rule 35(a)'s narrow purview.") (citations omitted); *see also United States v. Gray*, 521 F.3d 514, 543-44 (6th Cir. 2008) (en banc).

function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Id.* (internal citations and quotation marks omitted). *See also Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997) ("[The courts'] inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent.") (internal citation and quotation marks omitted); *Rubin v. United States,* 449 U.S. 424, 430 (1981) ("When we find the terms of a statute unambiguous, judicial inquiry is complete, except in rare and exceptional circumstances.").

*Thompson v. N. Am. Stainless*, *LP*, 567 F.3d 804, 807 (6th Cir. 2009) (en banc).

III.

"A district court may modify a defendant's sentence only as provided by statute."

*Perdue*, 572 F.3d at 290. Section 3582(c)(2) of Title 18 provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c) (emphasis added).

The policy statement applicable to § 3582(c)(2) limits the calculation of a new sentencing Guidelines range as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the

defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2008).

Furthermore, the policy statement provides that the sentencing court may not reduce a sentence below the new Guidelines range: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement *to a term that is less than the minimum of the amended guidelines range* determined under [§ 1B1.10(b)(1)]." *Id.* at § 1B1.10(b)(2)(A) (emphasis added).

The amended Guidelines range in the present case is 188 to 235 months of imprisonment. The district court carefully analyzed our precedents, and those of other circuits, and thereafter concluded that it did not have the authority to reduce Washington's sentence below 188 months. However, the district court expressly stated that were it to have discretion under § 3582(c)(2) to impose a sentence below the amended Guidelines range, it would have imposed a sentence of 160 months of imprisonment.

IV.

On appeal, Washington concedes that the amended Guidelines provide for a sentence of no less than 188 months. However, he argues that when considering a motion to modify a previously imposed (and otherwise valid) sentence, brought pursuant to § 3582(c)(2), the district court should treat the amended Guidelines range as advisory in light of *Booker* and *Kimbrough v. United States*, 552 U.S. 85 (2007). He asserts that § 1B1.10(b)(2)(A), which forbids the reduction of a sentence to a term of imprisonment less than the amended Guidelines range, is a mandatory sentencing scheme that is unlawful under *Booker* and *Kimbrough*.

The government counters that 28 U.S.C. § 994(u) authorizes the Sentencing Commission to decide under "what circumstances and by what amounts the sentences of prisoners . . . may be reduced." 28 U.S.C. § 994(u); *Braxton v. United States*, 500 U.S. 344, 348 (1991) ("Congress has granted the [Sentencing] Commission the unusual

explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect[.]"). Thus, the Commission's policy statements (which are an implementation of its authority to decide whether and to what extent its amendments are retroactive) are binding because they are an exercise of its statutory authority. *See* 28 U.S.C. § 994(u); *Braxton,* 500 U.S. at 348. Next, the government maintains that proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant" according to § 1B1.10(a)(3). In support of this position, the government relies upon *United States v. Carter*, 500 F.3d 486 (6th Cir. 2007), where we stated that § 3582(c)(2) motions "provide for relief only in narrow, limited circumstances," because "the [sentencing] court *may modify* a sentence when the Sentencing Commission has lowered the relevant sentencing range." *Id.* at 489-90 (emphasis added). Finally, the government contends that *Booker* does not apply to § 3582(c)(2) proceedings because *Booker* addresses plenary sentencing proceedings, not statutorily-authorized sentence reductions.

Washington responds by arguing that, in a related context, we have treated § 3582(c)(2) proceedings as full resentencings (contrary to § 1B1.10(a)(3)), rather than as sentencing modifications. *See United States v. Clark*, 110 F.3d 15 (6th Cir. 1997). In *Clark*, the pro se defendant moved for a resentencing under 18 U.S.C. § 3582(c)(2) based upon a November 1993 amendment to the Guidelines, which revised the method used to calculate lysergic acid diethylamide ("LSD") for sentencing purposes. *Id.* at 16. The district court granted the § 3582(c)(2) motion and resentenced her to 120 months of imprisonment, the statutorily-mandated minimum under 21 U.S.C. § 841(b)(1)(A)(v). *Id.* The district court stated that, "[a]lthough [Clark's] sentence under the current guideline calculation would [warrant] a sentence below the statutory minimum of 10 years, the court may not transgress the statutorily mandated minimum sentence." *Id.* On appeal, defendant Clark argued that she should be resentenced in accordance with the "safety valve statute," 18 U.S.C. § 3553(f), adopted one month *after* the district court imposed her 120 month sentence. *Id.* at 16-17. We agreed, stating:

> [a] case is not yet final when it is pending on appeal. The initial sentence
> has not been finally "imposed" within the meaning of the safety valve

statute because it is the function of the appellate court to make it final after review or see that the sentence is changed if in error. When a sentence is modified under 18 U.S.C. § 3582(c)(2), the courts are required to consider the factors that are set out in 18 U.S.C. § 3553(a). *See United States v. Townsend*, 55 F.3d 168, 171-72 (5th Cir. 1995). We note that § 3553(a), Title 18, specifically describes the "factors to be considered in imposing a sentence" *and that the courts must consider the same factors when a modified sentence is imposed as they do at initial sentencing*. Those factors include the applicable sentencing range, as well as "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the need for the sentence imposed," 18 U.S.C. § 3553(a)(2), and "the kinds of sentences available," 18 U.S.C. § 3553(a)(3). The consideration of these factors is consistent with the application of the safety valve statute. Therefore, § 3553(a) authorizes consideration of the safety valve statute when a defendant is otherwise properly resentenced under § 3582(c)(2).

*Clark*, 110 F.3d at 17-18 (emphasis added); *see also United States v. Gainous*, 134 F.3d 372 (6th Cir. 1997) (per curiam) (unpublished table decision) (relying on *Clark*, holding that "§ 3553(a) authorizes consideration of the safety valve statute when a defendant is otherwise properly resentenced under § 3582(c)(2)").[3]

V.

The precise issue presented in the instant case is a matter of first impression in our circuit. Nonetheless, numerous circuits have considered it. "Indeed, this court routinely looks to our sister circuits for guidance when we encounter a legal question that we have not previously passed upon." *United States v. Houston*, 529 F.3d 743, 762 (6th Cir. 2008). Of the ten circuit courts to consider the issue, nine of them – the First through Fifth, Seventh, Eighth, Tenth, and Eleventh – have rejected *Booker*'s application to sentence modifications under 18 U.S.C. § 3582 and have held that § 1B1.10's policy limitation is mandatory. *See United States v. Fanfan*, 558 F.3d 105 (1st Cir. 2009), *petition for cert. filed* (U.S. May 15, 2009) (No. 08-10503); *United States v. Savoy*, 567 F.3d 71 (2d Cir. 2009); *United States v. Doe*, 564 F.3d 305 (3d Cir. 2009); *United States v. Dunphy*, 551 F.3d 247 (4th Cir.), *cert. denied*, 129 S. Ct. 2401 (2009); *United States*

---

[3]Washington also relies on *United States v. Brown*, 547 F.3d 592 (6th Cir. 2008), but we vacated this decision upon rehearing, and our substituted opinion, 557 F.3d 297 (6th Cir. 2009), does not address a § 3582(c)(2) sentencing modification.

*v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009); *United States v. Cunningham*, 554 F.3d 703 (7th Cir.), *cert. denied*, 129 S. Ct. 2826 (2009); *United States v. Starks*, 551 F.3d 839 (8th Cir.), *cert. denied,* 129 S. Ct. 2746 (2009); *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009); *United States v. Melvin*, 556 F.3d 1190 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009).

Only the Court of Appeals for the Ninth Circuit has held that a district court may reduce a sentence below the amended Guidelines range pursuant to a § 3582(c)(2) resentencing. *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). In *Hicks*, the Ninth Circuit held that limiting the extent of a district court's sentencing discretion under § 3582(c)(2) pursuant to U.S.S.G. § 1B1.10 is prohibited post-*Booker. Id.* at 1172-73. The court concluded that, although *Booker* itself does not provide a district court with the authority to conduct a full resentencing under § 3582(c)(2), once a resentencing is permitted, the district court has discretion to impose a non-Guidelines sentence. *Id.* at 1171 ("Because a 'mandatory system is no longer an open choice,' [] district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2)."). The *Hicks* court also rejected the government's assertion that a § 3582(c)(2) proceeding is simply a modification of the defendant's existing sentence, rendering *Booker* inapplicable. *Id.* at 1171-72 ("The dichotomy drawn by the government, where full resentencings are performed under an advisory system while 'reduction proceedings' or 'modifications,' rely on a mandatory Guideline system, is false . . . . Mandatory Guidelines no longer exist, in this context or any other.").

In *Booker*, the Supreme Court held that the federal sentencing system, under which the sentencing court, rather than the jury, found facts that established the mandatory Guidelines range, violated the Sixth Amendment. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004). The constitutional infirmity that *Booker* addressed was that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Booker*, 543 U.S. at 227-28 (quoting *Apprendi*, 530 U.S. at 490).

However, as the Court of Appeals for the Seventh Circuit explained in *Cunningham*, a district court can only *decrease* a defendant's sentence pursuant to a § 3582(c)(2) modification proceeding:

> Thus, the constitutional defect addressed by *Booker* is simply not implicated. Moreover, a section 3582(c)(2) modification is discretionary, even for a defendant whose Guideline range has been retroactively lowered. *See* 18 U.S.C. § 3582(c)(2) (identifying circumstances in which "the court *may* reduce the term of imprisonment") (emphasis added). Thus, to frame a section 3582(c)(2) reduction as a mandatory undertaking that triggers the Sixth Amendment or *Booker* is incorrect.

*Cunningham*, 554 F.3d at 707.

Washington responds that *Booker* prohibited a mandatory/non-mandatory sentencing regime, pointing to the Supreme Court's observation that it could "not see how it [was] possible to leave the Guidelines as binding in [some cases but not] in other cases." *Booker*, 543 U.S. at 266. In its remedial opinion, the *Booker* Court cured the constitutional defect by excising those provisions of the Guidelines that made them mandatory, as well as striking any statutory provisions that depended on their mandatory nature. *Booker*, 543 U.S. at 245-46. In addition, the Court expressly rejected the government's proposal to "impose mandatory Guidelines-type limits upon a judge's ability to *reduce* sentences, but . . . not [to] impose those limits upon a judge's ability to *increase* sentences." *Id.* at 266. As the Court noted, "[w]e do not believe that such 'one-way lever[s]' are compatible with Congress' intent." *Id.* This language arguably supports Washington's position.

In *Cunningham*, however, the Seventh Circuit persuasively rejected this mandatory/non-mandatory dichotomy argument:

> Despite this broad language, we do not believe that the *Booker* remedy renders the limits set by the Sentencing Commission for section 3582(c)(2) proceedings advisory. First, unlike a full sentencing or resentencing, Congress clearly intended section 3582(c)(2) proceedings to be a one way lever. Section 3582(c)(2) allows the district court to leave a sentence alone or reduce it, but it does not permit the district court to increase a sentence. Second, and more generally, while *Booker*'s

remedial opinion stated that "we believe that Congress would not have authorized a mandatory system in some cases and a nonmandatory system in others" due to the possible "administrative complexities" of such a system, it seems to us that allowing (or requiring) district courts to essentially conduct a full resentencing upon a section 3582(c)(2) motion would create *more* administrative complexity, not less. *See Dunphy*, 551 F.3d at 253. Finally, *Booker*'s remedial opinion focused on Congressional intent. The text of section 3582(c)(2) makes clear that Congress intended section 3582(c)(2) modifications to comport with the Commission's policy statements, an impossibility if we were to adopt the defendants' position that *Booker* rendered the Guidelines wholly advisory in the context of sentence modifications (as distinguished from full sentencing proceedings).

*Cunningham*, 554 F.3d at 707 (footnote omitted).

We agree with the great weight of authority of our sister circuits. Simply put, there is no inherent authority for a district court to modify an otherwise valid sentence. A district court's discretion to modify an imposed term of imprisonment is an exception to the general rule that "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). Analogously, mandatory minimum sentences, which limit a sentencing court's discretion with regard to § 3553(a) factors, are constitutional. *Harris v. United States*, 536 U.S. 545, 565-68 (2002). Mandatory minimum sentences do not violate the Sixth Amendment. *Harris*, 536 U.S. at 568-69. Similarly, the statutory parameters and restrictions imposed upon judges in *reducing* otherwise valid sentences do not implicate the Sixth Amendment. Here, the penalty is not being increased (requiring a jury determination under *Booker*) but *reduced*.

When Congress granted the district courts authority to reduce otherwise valid sentences pursuant to § 3582(c)(2), it explicitly restricted judicial discretion by incorporating the Commission's policy statements, which limit the extent of the reduction: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." 18 U.S.C. § 3582(c)(2) (emphasis added). The Commission's policy statements (which are an implementation of its authority to decide whether and to what extent its

amendments are retroactive) are binding because they are an exercise of that statutory authority. *See* 28 U.S.C. § 994(u); *Braxton,* 500 U.S. at 348. The policy statements plainly provide that § 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended Guidelines range (unless the defendant's original sentence was lower than the Guidelines range). *See* U.S.S.G. § 1B1.10(b)(2)(A)-(B).

Although *Clark* and *Gainous* contain language supporting Washington's "full resentencing" argument, these opinions did not have the benefit of § 1B1.10(b)(2)(A) when they were decided. Specifically, § 1B1.10(b)(2)(A) was not added to the Guidelines until March 3, 2008, by U.S.S.G. Amendment 712. Thus, *Clark* and *Gainous* (both decided pre-*Booker*) are readily distinguishable. Moreover, our recent decision in *Carter* supports the government's "modification" view, as opposed to Washington's "full resentencing" argument. *See Carter*, 500 F.3d at 489, 491 (noting that § 3582(c)(2) "provide[s] for relief only in narrow, limited circumstances," and recognizing the discretionary nature of the proceedings: "the [district] court *may modify* a sentence when the Sentencing Commission has lowered the relevant sentencing range.") (emphasis added).

As nine of our sister circuits have recognized, plenary sentencing proceedings are distinct from § 3582(c) sentence reductions. Plenary proceedings are governed by 18 U.S.C. § 3553 (as modified by *Booker*), while motions for sentence reductions are constrained by 18 U.S.C. § 3582(c). In addition, § 3582(c)(2)'s instruction that sentencing courts shall "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" does not defeat the government's argument:

> It is true that one of the factors in section 3553(a) is the Guidelines range, which *Booker* made advisory. However, section 3582(c)(2) states that a district court considers the section 3553(a) factors in making a reduction "consistent with the applicable policy statements issued by the Sentencing Commission." There need not be a conflict: the statute can be viewed as requiring district courts to consider the section 3553(a) factors in deciding whether and to what extent to grant a sentence reduction – [because § 3582(c)(2) is a discretionary proceeding in the

first instance] – but only within the limits of the applicable policy statements.

*Cunningham*, 554 F.3d at 708.

## VI.

In the present case, the district court correctly refused to order a further sentence reduction. We hold that pursuant to 18 U.S.C. § 3582(c)(2), a district court is not authorized to reduce a defendant's sentence below the amended Guidelines range. Because there was no error, clear or otherwise, we affirm the judgment of the district court.

---

## CONCURRING IN THE JUDGMENT

---

KAREN NELSON MOORE, Circuit Judge, concurring in the judgment. I concur in this court's judgment affirming the judgment of the district court.