# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued October 15, 2019          Decided November 22, 2019

No. 18-3048

KEITH YOUNG,
APPELLANT

v.

UNITED STATES OF AMERICA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cr-00083-1)

*Stephen C. Leckar*, appointed by the court, argued the cause and filed the briefs for appellant.

*Elizabeth H. Danello*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jesse K. Liu,* U.S. Attorney, and *Elizabeth Trosman*, *Christopher Macchiaroli*, and *David B. Misler*, Assistant U.S. Attorneys.

Before: HENDERSON and ROGERS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: The appellant, Keith Young, was sentenced to 240 months in prison for possessing a heroin mixture exceeding two kilograms based on the then-applicable statutory minimum contained in 21 U.S.C. § 841(b)(1)(A). After the district court pronounced sentence, the Congress enacted the First Step Act (Act), narrowing the range of past offenses that trigger section 841(b)(1)(A)'s mandatory minimum. It is undisputed that, if this change applies to Young, he is subject to a ten-year, not twenty-year, mandatory minimum sentence. On appeal, Young argues that, because his case was still pending on direct review when the Act was enacted, he should receive the benefit of the decreased term of imprisonment. We conclude, however, that a reduced prison term applies only to a defendant whose sentence had not been "imposed" as of the Act's enactment date; accordingly, we reject Young's argument and affirm his sentence.

## I. BACKGROUND

Young was convicted of possessing a heroin mixture exceeding two kilograms (count one) and possessing a firearm as a felon (count two). During the proceedings, the government filed an information pursuant to 21 U.S.C. § 851(a)(1), indicating that in 1994 Young had pleaded guilty to a state charge of possession of cocaine with intent to distribute. The filing triggered the twenty-year statutory minimum then in effect for the heroin conviction. *See* 21 U.S.C. § 841(b)(1)(A) (2012), *amended by* Pub. L. No. 115-391, § 401, 132 Stat.

5193, 5220–22 (2018). On July 19, 2018 the district court sentenced Young to the 240-month statutory minimum on count one and to 36 months in prison on count two, the two sentences to run concurrently.

The Act was signed into law on December 21, 2018. It narrowed the range of past drug convictions that can trigger the mandatory minimum contained in section 841(b)(1)(A). The Act replaces "felony drug offense" with "serious drug felony," *see* Pub. L. No. 115-391, § 401, 132 Stat. at 5220–22 (2018), which is defined as requiring both "a term of imprisonment of more than 12 months" and that "the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense," 21 U.S.C. § 802(57)(A)-(B). The parties agree that Young's 1994 conviction would not qualify as a "serious drug felony" under the Act because he was released more than 15 years before he committed "the instant offense." Section 401 of the Act, however, includes a retroactivity provision stating that: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, § 401(c), 132 Stat. at 5221.

Young timely appealed his sentence pursuant to 28 U.S.C. § 1291.

## II. ANALYSIS

On direct appeal, Young argues that his sentence should be vacated and his case remanded for resentencing in light of the statutory minimum applicable after the enactment of the First Step Act. The general federal "savings clause" provides that "[t]he repeal of any statute shall not . . . extinguish any penalty . . . incurred under such statute, unless the repealing

Act shall so expressly provide . . . ." 1 U.S.C. § 109.[1] Although section 109 uses the term "expressly provide," the United States Supreme Court has held that the Congress need not use "magical passwords" and that the savings clause is satisfied so long as the "courts . . . assure themselves that ordinary interpretative considerations point clearly in that direction." *Dorsey v. United States*, 567 U.S. 260, 274–75 (2012). Young asks us to apply the common-law principle that the elimination or reduction of a criminal penalty must be given effect to all cases on direct review. *See Bradley v. United States*, 410 U.S. 605, 607–08 (1973) (describing the common-law rule). But the Supreme Court has recognized that 1 U.S.C. § 109, if applicable, abrogates the common-law rule. *See Warden v. Marrero*, 417 U.S. 653, 660 (1974) ("Congress enacted its first general saving provision, [section 109], to abolish the common-law presumption that the repeal of a criminal statute resulted in the abatement of 'all prosecutions which had not reached final disposition in the highest court authorized to review them.'" (quoting *Bradley*, 410 U.S. at 607)). The viability of Young's claim thus turns on whether "ordinary interpretative considerations" indicate that the Congress intended that section 401 apply to any sentence on direct appeal if the sentencing occurred before December 21, 2018.

We review questions of statutory construction *de novo*. *See United States v. Mosquera-Murillo*, 902 F.3d 285, 292 (D.C. Cir. 2018). Section 401 of the Act applies to any sentence for an offense committed before its enactment "if a sentence for

---

[1] Although section 401 did not *expressly* effect a repeal, it did reduce the penalty applicable to Young's conduct and so the savings clause of 1 U.S.C. § 109 applies. *See Dorsey v. United States*, 567 U.S. 260, 272 (2012) ("Case law makes clear that the word 'repeal' applies when a new statute simply diminishes the penalties that the older statute set forth." (citing *Warden v. Marrero*, 417 U.S. 653, 659–64 (1974))).

the offense has not been *imposed* as of such date of enactment." 132 Stat. at 5221 (emphasis added). If Young's sentence had not yet been "imposed" on December 21, 2018, he would have received the benefit of section 401. Because his sentence was "imposed" *before* December 21, 2018, however, section 401 does not apply. Three sister circuits have already considered this issue and all three have held that section 401 does not apply to a sentence that was pending on direct appeal after December 21, 2018. *See United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019); *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019); *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019); *cf. United States v. Means*, No. 19-10333, 2019 U.S. App. LEXIS 27392, at *4 (11th Cir. Sept. 11, 2019) (noting, in the context of a motion to modify a term of imprisonment, that section 401 does "not apply retroactively to defendants sentenced prior to December 21, 2018"). As the Seventh Circuit explained, "[i]n common usage in federal sentencing law, a sentence is 'imposed' in the district court, regardless of later appeals." *Pierson*, 925 F.3d at 927 (citing 18 U.S.C. § 3553(a) ("The court shall *impose a sentence* sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." (emphasis added)); Fed. R. Crim. P. 32(b) ("The court must *impose sentence* without unnecessary delay." (emphasis added)); Fed R. Crim. P. 32(a)(2) (1986) ("After *imposing sentence* in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal . . . . There shall be no duty on the court to advise the defendant of any right of appeal after sentence is *imposed* following a plea of guilty or nolo contendere." (emphasis added))) (additional citations omitted).

Young contends, however, that a sentence is "imposed" only at the time of final judgment by the highest court authorized to review it, relying on the Sixth Circuit's decision

in *United States v. Clark*. 110 F.3d 15 (6th Cir. 1997), *superseded by regulation on other grounds*, U.S.S.G. § 1B1.10(b)(2)(A). In that case, the court considered whether the then-new "safety valve" provisions enacted as part of the Mandatory Minimum Sentencing Reform Act (MMSRA) applied to a sentence handed down by the district court before the enactment of that legislation but still pending on direct appeal. The MMSRA provided that the "safety valve" provisions applied "to all sentences *imposed on or after*" the date of enactment. Pub. L. No. 103-322, § 80001(a), 108 Stat. 1796, 1985–86 (1994) (emphasis added). The court held that this language meant that the "safety valve" provisions should be applied to cases pending on direct appeal on the date the MMSRA was enacted. *Clark*, 110 F.3d at 17. It reasoned that "Congress realized that long mandatory minimum sentences compel judges to punish the crime instead of the criminal without respect to the degree of defendant's culpability, likelihood of rehabilitation, cooperation with the prosecution or the fact that the crime is the defendant's first offense" and so "[a]pplying the safety valve statute broadly to cases pending on appeal when the statute was enacted is consistent with the remedial intent of the statute." *Id*. It held that "[t]he initial sentence has not been finally 'imposed' within the meaning of the safety valve statute because it is the function of the appellate court to make it final after review or see that the sentence is changed if in error." *Id*. Young argues that, because the Congress used language in the Act similar to the language in the MMSRA, it must have intended to adopt *Clark's* construction of "imposed" in enacting the Act.

Young also points to the purpose of the statute and a canon of statutory construction to buttress his reading. He suggests that the rule of lenity and the canon of constitutional doubt support his reading—the latter because "profound questions would be raised under principles of due process and equal

protection (among others) if [he] is denied the benefit of a statute that otherwise applies directly to him." Moreover, he argues that his reading is mandated by the "remedial" purpose of the statute.

Young's reading of the statute is unconvincing. We agree with the Seventh Circuit that in ordinary usage a sentence is "imposed" when the district court pronounces it. The Supreme Court routinely speaks of a district court "impos[ing]" a sentence. *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 358 (2007) ("The judge was fully aware of defendant's various physical ailments and *imposed a sentence* that takes them into account." (emphasis added)). So do the courts of appeal. *See, e.g.*, *United States v. Brown*, 516 F.3d 1047, 1052 (D.C. Cir. 2008) ("The district court *imposed a sentence* at the high end of the Guidelines range based on its consideration of numerous factors, including Brown's arrest record." (emphasis added)); *United States v. Jenkins*, 537 F.3d 1, 6 (1st Cir. 2008) ("The district court nonetheless *imposed a sentence* that was more than five years below the bottom of the Guidelines Range." (emphasis added)). The government also points to another provision of the Federal Rules describing a district court's act of sentencing as "impos[ing]" sentence. *See* Fed. R. Crim. P. 11(d)(2) (defendant may sometimes withdraw guilty plea "after the court accepts the plea but before it *imposes sentence*" (emphasis added)); *see also* Fed. R. Crim. P. 11(e) ("After the court *imposes sentence*, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." (emphasis added)). In standard usage, then, a sentence is "imposed" when the district court passes sentence on a defendant.

In addition, as the Seventh Circuit observed, *Clark*'s understanding of when a sentence is "imposed" has not been applied by any other circuit. *Pierson*, 925 F.3d at 928; *see also*

*United States v. Pelaez*, 196 F.3d 1203, 1205 n.4 (11th Cir. 1999) ("In making the argument that a sentence is not imposed for purposes of § 3553(f) until it is affirmed on direct appeal, Appellant relies principally upon *United States v. Clark* . . . . We do not agree with and decline to follow the Sixth Circuit's holding in *Clark*."). Moreover, the Sixth Circuit itself did not even mention *Clark* in interpreting the First Step Act earlier this year. *See Wiseman*, 932 F.3d at 417.

Given the lack of ambiguity, we have no recourse to the rule of lenity. *See Muscarello v. United States*, 524 U.S. 125, 138–39 (1998) ("To invoke the rule [of lenity], we must conclude that there is a 'grievous ambiguity or uncertainty' in the statute." (quoting *Staples v. United States*, 511 U.S. 600, 619 n.17 (1994))). And Young's sentence does not raise the constitutional spectre he claims it does. *See Dorsey*, 567 U.S. at 280 ("[D]isparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences."). The purpose of a statute, even if remedial, cannot overcome the plain meaning of the statute's text. *See Baker Botts L.L.P. v. ASARCO LLC.*, 135 S. Ct. 2158, 2169 (2015) ("Our job is to follow the text even if doing so will supposedly undercut a basic objective of the statute." (internal quotation marks omitted)).

For the foregoing reasons, the judgment of the district court is affirmed.

*So ordered*.